282 So.2d 554 (1973)
Luca DiMATTIA, Plaintiff-Appellant,
v.
Irene Baham DiMATTIA, Defendant-Appellee.
No. 9430.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
*555 Tom H. Matheny, Hammond, and Robert M. Caswell, New Orleans, for plaintiff-appellant.
Reginald J. McIntyre and Arthur W. Macy, Hammond, for defendant-appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
This is a suit by plaintiff seeking revocation of an authentic act of donation by which ten acres of land located in Tangipahoa Parish, Louisiana, was donated to defendant. Plaintiff appeals from a judgment of the District Court sustaining defendant's plea of prescription and dismissing plaintiff's suit.
The evidence in the record discloses that Luca DiMattia acquired the property in question from Vincenzo Zirella in 1919. Luca DiMattia and Irene Baham DiMattia were married in 1923. On July 8, 1955 Luca DiMattia executed an authentic act of donation in which he donated the ten acres acquired in 1919 to his wife. During December of 1956 the DiMattias experienced marital difficulties which resulted in their separation on or about December 26, 1956. The two remained separated thereafter. On January 9, 1957, Luca DiMattia executed an act of revocation of the donation and on February 27, 1958 filed this suit for revocation of the donation. In October of 1958, while this revocation suit was still pending, Luca DiMattia died and the executrix of his estate, Mrs. Lucia DiMattia Danna, was substituted as the proper party plaintiff in this suit on October 13, 1961. An exception of prescription was filed by defendant on May 15, 1962, and after numerous continuances and changes of counsel, argument on this exception *556 was heard in the District Court on January 17, 1973. Judgment was rendered and signed on February 26, 1973, sustaining the exception of prescription and dismissing plaintiff's suit for revocation of the donation.
Plaintiff contends that the trial court erred in applying the one year prescriptive period provided in C.C. Article 1561 and asserts that the proper prescriptive period is the five year prescription provided in C.C. Article 3542.
The pivotal issue presented by this appeal is whether plaintiff's suit was timely filed. This necessarily involves a determination of the nature and grounds of plaintiff's claims for revocation of this donation in order that the proper prescriptive period can be ascertained.
It was originally provided in our law that interspousal donations were always revocable. (See former C.C. Article 1749.) However, this provision was repealed by Act 187 of 1942 which statute is presently contained in R.S. 9:2351 and provides in pertinent part as follows:
"Every donation made after twelve o'clock noon, July 29, 1942, by a married person to his or her spouse shall be as irrevocable as if made to a stranger...."
The effect of this provision was to put interspousal donations on the same level with relation to their revocability as any other donation. Therefore, the revocation of the donation in the instant suit must be governed by the provisions of C.C. Articles 1559, et seq.
La. Civil Code Article 1559 provides:
"Art. 1559. Donation (Donations) inter vivos are liable to be revoked or dissolved on account of the following causes:
1. The ingratitude of the donee;
2. The non-fulfillment of the eventual conditions, which suspend their consummation;
3. The non-performance of the conditions imposed upon the donee;
4. The legal or conventional return."
Defendant asserts that plaintiff's suit for revocation of this donation was based solely on grounds of ingratitude under C.C. Articles 1559(1) and 1560. C.C. Article 1561 provides that an action for revocation for cause of ingratitude must be brought within one year after the alleged act of ingratitude occurred or was made known to the donor. Thus, defendant contends that the trial court was correct in dismissing plaintiff's suit based upon this one year prescriptive period contained in C.C. Article 1561.
Plaintiff, on the other hand, contends that the suit for revocation is based on the ground that the donee failed to perform conditions imposed upon her and thus, the five year prescriptive period provided in C.C. Article 3542 is the applicable prescription by virtue of the provisions of La.C.C. Article 1567.
Our review of the Act of Donation, contained in the record, shows that said act contains the usual language wherein the subject property was donated by Luca DiMattia to his wife in consideration of the natural love and affection which he possessed for her. However, the last clause of the Act of Donation recites:
"The said Mrs. Irene DiMattia further agrees that she will support and maintain her said husband for the balance of his natural life."
Plaintiff's petition for revocation of this donation sets forth allegations which read as follows:

"2.
"Petitioner further shows that in said act of donation, the donee, Mrs. Irene DiMattia (defendant herein) agreed to support her husband, Luca DiMattia (plaintiff herein) for the balance of his natural life, that said agreement on the *557 part of the said defendant was the primary condition imposed upon the donee in said act of donation which condition was unqualifiedly accepted in said act and which even in the absence thereof, the said defendant was and now is obligated to support plaintiff by reason of the fact that defendant herein is in her forties and plaintiff is in his eighties and unable to support himself.

"3.
"Petitioner shows that defendant has continuously failed and refused to support and maintain petitioner and in addition thereto has subjected him to cruel and inhuman treatment on numerous occasions. She has refused to feed him when he was sick and in distress or prepare his meals when he was unable to do so. She has on occasions beat him into a dazed and semi-conscious condition, all of which constitutes acts of ingratitude and a breach of the conditions upon which the said donation was made. * * *"
While we are not favored with either written or oral reasons for judgment by the trial court, it is apparent that the judge a quo felt that this suit for revocation was based solely on the grounds of ingratitude and by applying the one year prescriptive period of C.C. Article 1561 plaintiff's suit was dismissed.
In our view plaintiff's petition sets forth two grounds upon which revocation of this donation was sought. Paragraph 3 of plaintiff's petition, quoted above, alleges a claim for revocation based on ingratitude. This claim would be governed by the provisions of C.C. Articles 1560 and 1561. Since Luca DiMattia and Irene DiMattia separated as of December 26, 1956, any of the alleged acts of ingratitude must have occurred on or prior to that date. The suit for revocation was not filed until February 27, 1958, clearly more than one year after any of the alleged acts of ingratitude could have possibly occurred.
However, plaintiff's petition for revocation sets forth in paragraph 2 thereof another ground for revocation of this donation, namely, the failure of defendant to perform the condition of providing support and maintenance for the plaintiff-donor for the remainder of his life.
Plaintiff contends that the five year prescriptive period provided in C.C. Article 3542 is the applicable prescription for suits to revoke donations based on the non-performance by the donee of conditions imposed and therefore plaintiff's suit based on this ground was timely filed. With this contention we agree.
Civil Code Article 1567 provides:
"Art. 1567. An action of revocation or rescission of a donation on account of the non-execution of the conditions imposed on the donee, is subject only to the usual prescription, which runs only from the day that the donee ceased to fulfill his obligations."
It has been held that donations which impose charges or conditions upon the donee are onerous in nature and a right of revocation exists with respect to such donations just as in any ordinary commutative contract. Voinche v. Town of Marksville, 124 La. 712, 50 So. 662 (1909); Board of Trustees of Columbia Road Methodist Episcopal Church of Bogalusa v. Richardson, 216 La. 633, 44 So.2d 321 (1949); Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885 (1961). Under the provisions of C.C. Article 3542 suits "... for nullity or rescission of contracts, testaments or other acts ..." are prescribed by five years. Thus the applicable prescription contemplated by C.C. Article 1567 for suits for revocation of a donation due to the non-execution of the conditions imposed upon the donee is the five year prescription of C.C. Article 3542. 43 Tul.L.Rev. 731, 742 (1969).
Defendant argues that plaintiff's petition should not be deemed to contain a *558 claim for revocation of the donation on the ground of non-performance of the support condition imposed because the support condition in the act of donation is superfluous in that it requires the donee-wife to do that which she was already required by law to do under C.C. Article 119. While the spouses are required to provide mutual support to one another under C.C. Article 119, the donor-husband is not obligated to convey property to his spouse in consideration for that obligation of support. We find that the donor-husband by executing this conveyance, which he was in no way bound to do under the mutual obligations imposed by C.C. Article 119, could include this requirement of support as a condition imposed upon the donee in the donation.
Defendant also argues that the breach of the support condition is included in the grounds for revocation for ingratitude under C.C. Article 1560(3) and should not be considered as a separate ground for revocation for non-performance of a condition imposed. While this contention might merit application in the absence of a separate clause in the act of donation requiring as a condition of the donation the obligation of support, such contention has no application in the instant suit. Luca DiMattia specifically included this condition in the act of donation and to follow defendant's reasoning would be to completely ignore the intentions of the donor as expressed in the act of donation.
Therefore, we hold that plaintiff's petition does set forth a claim for revocation of the donation on the grounds of non-performance of the condition imposed which is governed by the five year prescription of C.C. Article 3542. This claim had not prescribed at the time plaintiff's revocation suit was filed on February 27, 1958.
Accordingly, for the above reasons, the judgment of the District Court sustaining the plea of one year prescription is reversed and set aside and this cause is remanded for a trial on the merits wherein plaintiff is entitled to show the alleged acts which the petitioner asserts that the defendant failed to perform in compliance with the obligation to support the donor.
The cost of this appeal is to be borne by defendant-appellee; all other costs are to await a final determination on the merits.
Reversed and remanded.