GUIDRY, Judge.
The plaintiffs instituted this action to recover the value of certain hogs allegedly killed by trains owned and operated by the defendant, Missouri Pacific Railroad Company (hereinafter referred to as Missouri). This suit is brought pursuant to the provisions of LSA-R.S. 45:504. Also named defendants are D. H. Maddox and T. R. Hicks, engineers allegedly operating Missouri’s trains that killed plaintiffs’ hogs. The trial court rendered judgment in favor of plaintiffs and against the defendant, Missouri. Plaintiffs’ action against the defendants, Maddox and Hicks, was dismissed. Missouri appeals. Plaintiffs have neither appealed nor answered the appeal of Missouri.
A review of the testimony of the plaintiffs, J. 0. Harrison, W. H. Armstrong, Issac Nugent, and Ernest Atwell reveals that all of these men, who lived near Georgetown, Louisiana, in Grant Parish, were veteran hog raisers. All of the plaintiffs raised wood hogs, which were allowed to range at large in and around the Little River area in Grant Parish. Issac Nugent’s hogs ranged in Bear Creek and Cross Bayou Swamp, south of Georgetown. W. H. Armstrong’s hogs ranged in the Little River area, as did the hogs of Ernest and Grady Atwell. J. O. Harrison’s wood hogs ranged near Rochelle, about 2V2 miles north of Georgetown. Wood hogs were permitted to range approximately a 10-12 mile area. Plaintiffs admit that they neither owned the land over which their hogs ranged nor had they secured permission for their operation from the landowners. They testified that the land was open range.
Each of the plaintiffs owned a large herd of wood hogs averaging about 150 head. The hogs were identified by the owner’s crop mark. The testimony reflects that generally the plaintiffs did not feed their hogs, although they usually visited the range area about once a week. Plaintiffs gathered their hogs together by the use of dogs or caught them by baiting traps.
Although the defendant offered no evidence it is clear that it maintained and operated an unfenced right of way through these range areas. Its tracks were slightly elevated.
Plaintiffs’ testimony further indicates that during the middle part of July 1973 they noticed that a large number of their hogs had been killed. All of the dead hogs, whose mangled remains had been strewn along the site of defendant’s railroad track, were found in their respective range areas. Plaintiffs also noticed quantities of corn grain running down the length of the defendant’s track. Plaintiffs testified that their hogs rarely grazed on defendant’s cleared right of way. The plaintiffs testified that the presence of the corn grain obviously attracted the hogs to the railroad tracks. None of the plaintiffs actually saw the defendant’s train kill their animals. All of the plaintiffs with the exception of Ernest and Grady Atwell described with particularity the losses they had sustained.
The trial court made the following awards:
*1147 J. 0. HARRISON
4 sows - 800 lbs.
3 boars - 675 lbs.
14 shoats - 1260 lbs.
7 shoatey pigs - 175 lbs.
At an average of 33$ per pound J. 0. Harrison sustained a total loss in the amount of $960.30.
ISSAC NUGENT
2 sows - 140 lbs.
7 shoats - 420 lbs.
5 boars - 620 lbs.
6 pigs - 90 lbs.
At an average of 33$ per pound Issac Nugent sustained a total loss in the amount of $420.75.
W. H. ARMSTRONG
2 sows - 300 lbs.
4 shoats - 420 lbs.
6 pigs - 120 lbs.
At an average of 33$ per pound W. H. Armstrong sustained a total loss in the amount of $204.60.
The trial court granted Ernest Atwell an award of $2,500.00 and Grady Atwell an award of $500.00.
Appellant does not question the quantum of the awards to Harrison, Nugent and Armstrong but does question the awards to the Atwells urging that these awards were not supported by sufficient proof.
As aforestated this suit is brought under the provisions of LSA-R.S. 45:504, which reads as follows:
“In suits against railroad companies for the loss of stock killed or injured by them, it is sufficient, in order for the plaintiff and owner to recover, to prove the killing or injury, unless it is shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligence or indifferent running or management of their locomotive or train.”
The jurisprudence is well settled that under the provisions of this statute once the plaintiffs establish their case by showing their animals were killed by the train the burden of proof then shifts to the railroad to show that the killing was not the result of fault or carelessness on its part. Lafleur v. Texas & Pacific Railroad Company, 116 So.2d 844 (La.App. 1st Cir. 1959); Bush v. Texas & Pacific Railroad Company, 191 So.2d 508 (La.App. 3rd Cir. 1966).
The trial court made the following findings of fact which we here quote:
“1. Beginning in July, 1973, and continuing for several months thereafter, defendant’s trains spilled large quantities of corn on and along its tracks in the general vicinity of Selma and Georgetown, Grant Parish, Louisiana.
2. Plaintiffs’ hogs ranged in woods along this section of defendant’s tracks and were attracted to the tracks by the corn.
3. While feeding on this corn, plaintiffs’ hogs were killed by defendant’s trains.
4. The presence of the corn on the tracks prevented plaintiffs from trapping their hogs and keeping the hogs from defendant’s tracks.
5. Defendant’s tracks were unfenced.”
On the basis of the quoted conclusions the trial court rendered judgment in favor of plaintiffs. Appellant contends that this was error in that the evidence did not warrant the rendition of judgment because plaintiffs failed to establish “where the various killings took place with sufficient certainty to allow defendant railroad a reasonable opportunity to prepare its defense.”
We find no merit in this contention. Following the institution of suit defendant filed an exception of vagueness asserting that plaintiffs’ petition did .not give specific dates as to particular accidents involving particular animals or the exact location of such accidents. Following the filing of this exception plaintiffs amended their petition so as to set forth, to the extent possible, the information sought by this exception. The amended petition contained the following information which we summarize:
1. From July 12, 1973 through July 20, 1973, Grady Atwell’s, Ernest Atwell’s, Issac Nugent’s and W. H. Armstrong’s hogs were killed by the defendant railroad in an area *1148 from Selma Crossing to Creek Crossing “trussel” in Grant Parish.
2. From July 12, 1973 through July 20, 1973 plaintiff, J. 0. Harrison’s hogs were killed by the defendant railroad in an area between Rochelle, Louisiana and Georgetown, Louisiana located in Grant Parish. Presumably the defect in plaintiffs’ original petition was satisfied by this amendment since defendant did not thereafter file an additional exception of vagueness but filed answer to this supplemental petition and the original petition generally denying the allegations thereof.
In an action under LSA-R.S. 45:504 the burden is upon plaintiff to establish the killing of an animal or animals by the railroad; his ownership of such animals; and, the value thereof. Upon such showing the burden shifts to the railroad to show its lack of fault and/or freedom from negligence. We know of no authority statutory or otherwise which requires that the plaintiff in addition establish the exact date, exact time or the exact location of the killing with surveyor’s accuracy. The information set forth in plaintiffs’ petition informed defendant as to the number of animals killed; the ownership and value thereof; the time span during which these animals were killed; and, the general location where such killings occurred. This was sufficient to enable Missouri to prepare its defense if one it had. Missouri must have been satisfied with the information set forth in plaintiffs’ original and supplemental petition for it thereafter filed answer. The trial court found from the evidence adduced that plaintiffs established their ownership of certain animals which were killed by the defendant railroad and the value thereof. The trial court further found that defendant had not shown its lack of fault or freedom from negligence. We find a reasonable factual basis in the record to support these conclusions. Such findings were sufficient to warrant the judgment rendered absent a showing of contributory negligence on the part of plaintiffs which brings us to defendant’s second assignment of error.
As aforesaid appellant contends that the trial court erred in failing to find that plaintiffs were guilty of contributory negligence in that plaintiffs became aware of the hazard and failed to act to avoid their losses. The trial court determined that plaintiffs were not guilty of contributory negligence for, although aware of the presence of the corn on the track, they were unable to remove this grain because of its being spread over miles of track. In addition, the continued presence of the corn on the track, which extended for miles, when coupled with the fact that plaintiffs’ hogs ranged an approximate twelve mile area, made plaintiffs’ attempts to trap their hogs almost impossible. We find no error in these conclusions of the trial court. Like the trial court we determine that defendant failed to carry its burden of establishing contributory negligence on the part of plaintiffs.
We finally consider defendant’s contention that the trial court erred in finding that plaintiffs, Grady and Ernest Atwell, met their burden of proving damages. In awarding damages to Grady and Ernest Atwell the trial judge in his written reasons for judgment stated:
“Ernest Atwell testified that he counted the number of hogs he lost and also the number that his son, Grady Atwell, lost. He estimated the weights of these hogs and made notes as to the number and the weights lost by each. He subsequently gave these two lists to J. 0. Harrison but does not know what happened to them after that. A list was produced in Court which had been typed by Theresa Robinson who also typed up the list for Mr. Nugent, Mr. Armstrong and Mr. Harrison. Miss Robinson testified that she verified the lists made by her against the originals that had been given to her by Mr. Harrison and that she had prepared the list that was produced in behalf of Ernest Atwell. However, Mr. Atwell had no independent recollection of the number of his swine that was killed and could not refresh his memory by reading the list prepared by Miss Robinson. Plaintiff *1149 contends that the list was admissible in evidence as a past recollection recorded. The Court agrees that the copy of the list was admissible in evidence, however, the Court does not accept it as final proof of the losses sustained by Mr. Atwell.
According to that list, Mr. Atwell claims the loss of 63 hogs of a total weight of 11,345 pounds and 21 pigs of a weight of 420 pounds. I am satisfied from the evidence that Mr. Atwell lost a substantial number of hogs and pigs and lost more than any other plaintiff in this proceeding. I am not satisfied that he has established his damages in the sum of $3,882.45 as claimed and the Court, under the circumstances, must fix the quantum as best it can. Fontenot Roshong v. Travelers Insurance Company, et al., [La.App.] 281 So.2d 785; Demattia (sic) v. Dimattia, [La.App.] 282 So.2d 554. Accordingly, the Court will award Mr. Ernest Atwell damages in the amount of $2,500.00.
Plaintiff Grady Atwell was unable to testify as to the number hogs that he lost, the weight thereof or the value thereof. He depended upon the count and list made by his father, Ernest Atwell. However, this list was also lost prior to trial and Mr. Ernest Atwell had no independent recollection of the number of hogs or the weight of the hogs lost by Grady Atwell. The Court is satisfied that some of Grady Atwell’s hogs were killed by defendant’s train in the same manner as all of the others involved in this case and, therefore, the Court will fix damages for Grady Atwell in the amount of $500.00.”
We find no manifest error in the trial court’s determination in this regard.
For the foregoing reasons the judgment appealed from is affirmed. All costs of these proceedings to be borne by the defendant-appellant.
AFFIRMED.