773 So.2d 182 (2000)
Niels BUSSE
v.
Candis LAMBERT.
No. 00-CA-1032.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
Writ Denied January 26, 2001.
Craig S. Sossaman, Joseph B. Harvin, Harvin & Sossaman, P.L.C., Metairie, Louisiana, for plaintiff-appellant, Niels Busse.
Scott W. McQuaig, Colette C. Ranatza, Metairie, Louisiana, for defendant-appellee, Candis Lambert.
Court composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS and JAMES C. GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Niels Busse appeals the trial court's dismissal of his claim against Candis Lambert *183 for the return of a diamond ring. We reverse.
The trial judge concluded that the diamond ring was a birthday gift and was an irrevocable donation, and further that plaintiff's claim had prescribed.
In 1990, Niels Busse, and Candis Lambert, began what would develop into a six to seven-year relationship. In October 1994, while Busse was in Thailand, he proposed marriage to Lambert by telephone, and she accepted. Lambert then proceeded to shop for diamond rings. While shopping for rings defendant chose several at Adler's and made an appointment with Coleman Adler for Busse to view her selections. When Busse returned from his trip to the Far East, he and his business partner, Gary Frankston, went with Lambert to Adler's to view the diamond rings, which Lambert selected. Busse selected a ring, for which he paid $18,000 and on December 31, 1994, gave the ring to Lambert. Lambert wore the ring on her left hand ring finger.
In early 1995, Lambert set a wedding date for April 1, 1995. Prior to the scheduled date, however, Lambert cancelled the ceremony. Although the parties did not set another wedding date, they continued to see each other until December 24, 1996, when Lambert informed Busse that she wanted to end their relationship.
Thereafter, Busse made an amicable demand for the diamond ring in a letter to Lambert dated August 5, 1997. When it became clear to plaintiff that defendant would not return the ring, he filed this lawsuit for its return on August 22, 1997. In written reasons for judgment, the trial judge found that Busse's action had prescribed. Alternatively, the trial judge found that the diamond ring was a birthday present and not "a donation in favor of marriage." The trial judge in explanation of his conclusion stated that Busse had given Lambert "frequent" gifts, including a $10,000.00 wristwatch "after the termination of the engagement." Because we find that the diamond ring was a donation in contemplation of marriage and that Busse's action has not prescribed, we reverse.
The first issue with which we are confronted is whether the diamond ring was a donation in contemplation of marriage or a gift not subject to a condition.
Generally, an inter vivos donation is irrevocable. La. Civ.Code art. 1467. However, that rule is subject to several specific exceptions: the ingratitude of the donee, the non-fulfillment of the eventual conditions, which suspend their consummation; the non-performance of the conditions imposed on the donee, and the legal or conventional return. La. Civ.Code art. 1559. If the donation of the diamond ring was not in contemplation of marriage, it was an irrevocable donation because it would not be subject to any of the exceptions. If, however, the diamond ring was given in contemplation of marriage, it is a revocable donation because marriage is the condition, which was not fulfilled.
While plaintiff contends that he gave Lambert the diamond ring in contemplation of marriage, Lambert contends that the ring was an early birthday gift, and that she never received an engagement ring from Busse. In light of the evidence, we reject defendant's contention. This four-time-married defendant was not a neophyte in the protocols of engagements and weddings. The evidence in the record is clear that the ring was given to Lambert in anticipation of marriage and was intended as an engagement ring. The giving of the ring was predicated as the happening of an event, which was never fulfilled. La. Civ.Code art. 1559. Under these circumstances, the parties are returned to their respective positions and plaintiff is entitled to the return of the ring. Having so concluded, we hold that the trial judge was clearly wrong in reaching a conclusion that the purchase and giving of the ring was a gift not in anticipation of marriage. We point out specifically that soon after accepting a telephone proposal for marriage, Lambert decided to look for diamond rings, even going to the trouble to make an appointment with Coleman Adler for her and her fiancé to view the rings together, and that after her fiancé gave her the diamond ring, she decided *184 on a marriage date. We conclude under these circumstances, the ring was given to Lambert in anticipation of marriage, which condition was never fulfilled compelling the return of the ring.
Having so concluded, we confront the prescription question. According to La. Civ.Code art. 1567, "[a]n action of revocation or rescission of a donation on account of the non-execution of the conditions imposed on the donee, is subject only to the usual prescription, which runs only from the day that the donee ceased to fulfill his obligations."
Although the article provides when prescription begins to run, it leaves open the question of which prescriptive period applies. In DiMattia v. DiMattia, 282 So.2d 554 (La.App. 1 Cir.1973), the First Circuit held that the "usual prescription" for an action to revoke a donation was five years, based on the provision in then La. Civ.Code art. 3542[1] "nullity or rescission of contracts, testaments or other acts." Since DiMattia, La. Civ.Code art. 3542 has been renumbered to the present La. Civ.Code art. 3497. Although Article 3497 still provides a five-year period for many of the actions enumerated in Article 3542, it does not expressly state that rescission of contracts is subject to a five-year prescriptive period. However, Revision Comment-1983 states that the new article, Article 3497[2], reproduces the substance of old Article 3542 and does not change the law. We conclude that, although the wording of the new article is somewhat different from the wording of the old article, no change in substance was intended, and the rescission of this donation for nonfulfillment of the condition is subject to a five-year prescriptive period.[3]
Applying the five-year prescriptive period to our case, we are lead to conclude plaintiff's claim has not prescribed. From our appreciation of the facts prescription either began to run from the cancellation of the wedding date in "early 1995" or from the end of their relationship, on December 24, 1996. Because either date is well within the five-year prescriptive period, we hold that plaintiff's claim filed on August 22, 1997 has not prescribed.
Having so concluded, we reverse and set aside the judgment of the trial court. Judgment is recast and rendered ordering the return of the diamond ring to the plaintiff, Niels Busse. Costs are to be paid by the defendant, Candis Lambert.[4]
REVERSED AND RENDERED.
NOTES
[1] LSA-C.C. Art. 3542:

The following actions are prescribed by five years:
That for the nullity or rescission of contracts, testaments, or other acts.
That for the reduction of excessive donations.
That for the rescission of partitions and guarantee of the portions.
This prescription only commences against minors after their majority.
[2] Art. 3497. Actions subject to a five year prescription

The following actions are subject to a liberative prescription of five years:
An action for annulment of a testament;
An action for the reduction of an excessive donation; and
An action for the rescission of a partition and warranty of portions.
This prescription is suspended in favor of minors, during minority.
[3] In Orleans Parish School Board v. City of New Orleans, 96-2664 (La.App. 4 Cir. 9/3/97), 700 So.2d 870, writ denied, 97-3094 (La.3/13/98), 712 So.2d 877, the Fourth Circuit addressed this issue in footnote. Although the resolution of this issue was not necessary there, the court noted that DiMattia is still cited for the principal that rescissions of donations are subject to a five-year prescriptive period. It, however, concluded that because of the change in wording in the five-year prescription article from article number 3542 to article number 3497, arguably, actions to revoke donations are now subject to the ten-year personal action prescription.
[4] In the judgment, the trial judge dismissed defendant's reconventional demand for damages. No appeal was taken from that judgment by defendant and that part of the judgment is not before us and is now final.