McClendon, j.
| ¡Appellant seeks review of the trial court’s grant of a partial summary judgment that dismissed appellant’s claims for compensatory damages asserted under the *624 Americans with Disabilities Act. Concluding that appellant cannot meet his burden to show intentional discrimination, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 23, 2006, Henry London, a paraplegic confined to a wheelchair, attended a basketball game at Glen Oaks High School. Because the handicapped parking space near the gym was occupied, Mr. London parked in a handicapped parking space near the front of the school. On his way to the gym, he approached a speed bump; which he crossed with assistance from a nearby person.
After the game, Mr. London took a dif-. ferent route back to his car. He approached a different speed bump and attempted to cross it. While rolling over the speed bump, his wheelchair tipped and he fell out, injuring his ribs.
Mr. London filed suit against the East Baton Rouge Parish School Board for damages resulting from his accident in the parking lot. He alleged that the School Board was negligent in failing to provide a wheelchair accessible route from the gym to the parking lot and that the School Board violated its “statutory duty to disabled persons such as the plaintiff.”
On October 7, 2011, the School Board filed a motion for summary judgment. In its motion for summary judgment, the School Board alleged that it was not liable to Mr. London under any theory of recovery, including negligence or claims asserted under the Americans With Disabilities Act (ADA).
Following a hearing, the trial court granted partial summary judgment in favor of the School Board, dismissing the ADA claim, but denied the motion on the negligence claim. The trial court designated its judgment on the ADA claim as “a final judgment for purposes of appeal.” [1] Mr. London has appealed, |scontending that the trial court erred in granting the School Board’s motion for summary judgment on the ADA claim.[2]
DISCUSSION
In determining whether summary judgment is appropriate, appellate courts review summary judgment de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. An appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Guardia v. Lakeview Regional Medical *625 Center, 08-1369 (La.App. 1 Cir. 5/8/09), 13 So.3d 625, 627. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Board of Sup’rs of Louisiana State University v. Louisiana Agr. Finance Authority, 07-0107 (La.App. 1 Cir. 2/8/08), 984 So.2d 72, 80.
Plaintiff asserts that genuine issues of material fact remain as to whether he is entitled to compensatory damages under the ADA. The ADA provides that “[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.” 42 USCA § 12132.[3] A plaintiff asserting a private cause of action |4for violations of the ADA may recover compensatory damages only in cases of intentional discrimination. Guardians Ass’n v. Civil Serv. Comm’n of City of New York, 463 U.S. 582, 607 n. 27, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983). The Supreme Court, however, has not given any guidance on what “intentional discrimination” means in the context of the ADA.
Most of the federal circuit courts addressing the issue of “intentional discrimination” have adopted a “deliberate indifference” standard.[4] The deliberate indifference standard, unlike some tests for intentional discrimination, “does not require a showing of personal ill will or animosity toward the disabled person,” but rather can be “inferred from a defendant’s deliberate indifference to the strong likelihood that pursuit of its questioned policies' will likely result in a violation of federally protected rights.” Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir.2011).
The Fifth Circuit, however, has not adopted the “deliberate indifference” standard for claims for compensatory damages brought under the ADA. Delano-Pyle v. Victoria County, Texas, 302 F.3d 567, 575 (5th Cir.2002), cert. denied, Victoria County, Tex. v. Pyle, 540 U.S. 810, 124 S.Ct. 47, 157 L.Ed.2d 22 (2003). (“There is no ‘deliberate indifference’ standard applicable to public entities for purposes of the ADA or the [Rehabilitation Act].”) Rather, the Fifth Circuit requires a plaintiff to show that the discrimination was intentional. Id.
Mr. London contends that by placing speed bumps near the handicap parking spaces, the School Board intentionally discriminated against him. Mr. London avers that the purpose of the handicap park *626 ing spaces is to provide | ^handicap persons a safe route to travel to and from facilities, so that they can enjoy the benefit of, or participate in a service, program or activity being offered at the facility. Mr. London avers that it is undisputed that a speed bump was between the handicap parking space and the handicap ramp and asserts that the School Board cannot deny knowledge of their relative locations. Mr. London concludes that this raises a genuine issue of material fact as to whether the School Board breached its duty under the ADA,
On the other hand, the School Board contends that there were many places Mr. London could have parked that would have provided him wheelchair access to the gym.[5] The School Board avers that the purpose of the handicapped parking spaces is to provide closer parking to certain parts of various facilities. The School Board urges that not every ingress and egress from a facility must be handicap accessible and that Mr. London has not cited any specific ADA guideline that it violated. The School Board concludes that the trial court did not err in granting its motion for summary judgment on the claim for compensatory damages under the ADA.
Regardless of whether we apply the deliberate indifference standard or the standard of intentional discrimination enunciated by the Fifth Circuit, Mr. London provides no basis from which a fact finder could conclude that the School Board intended to discriminate against him from the mere placement of the speed bumps in relation to handicap parking spaces. Even assuming that a violation of an ADA guideline existed, nothing suggests that the School Board was aware of such violation. Moreover, there had been no prior accidents similar to Mr. London’s accident, and the School Board set about removing the speed bumps following Mr. London’s accident to prevent this type of accident from occurring in the future. Cf. Delano-Pyle, 302 F.3d at 575 (wherein the Fifth Circuit affirmed a jury finding of discrimination and award of compensatory damages based on a police officer’s com-píete failure to accommodate the | ^plaintiff s hearing impairment during a traffic stop, despite the officer knowing of impairment and the significant prob-]ems it was creating during the encounter). In light of the foregoing, Mr. London cannot meet his burden to show that the School Board intentionally discriminated against him to support an award for compensatory damages under the ADA. Accordingly, we find no merit to Mr. London’s assignment of error on appeal.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the School Board’s motion for summary judgment on the ADA claim is hereby affirmed. Costs of this appeal are assessed to appellant, Henry London.
AFFIRMED.

. In certifying the judgment on the ADA claim as final, the trial court did not specifically indicate that there was no just reason for delay in accord with LSA-C.C.P. art. 19I5B. Moreover, the trial court did not provide its own analysis or reasons for the certification. Thus, under the principles enunciated in RJ. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, 1122-23, before we address the merits of the appeal, we must review the propriety of the certification on which our jurisdiction to hear the appeal is based. After a review of the record in light of the factors set forth in Messinger, and balancing the need for judicial administration with the need for fairness to the parties, we conclude that the partial summary judgment was properly certified.

. Mr. London has also filed a Motion for Leave to Amend Original Brief to include a copy of the trial court’s judgment and oral reasons for; judgment as attachments to his appellant brief. We hereby grant Mr. London’s motion.

.The ADA generally tracks the language found in the Rehabilitation Act of 1973, 29 USCA § 794, which was enacted “to ensure that handicapped individuals are not denied jobs or other benefits because of prejudiced attitudes or ignorance of others.” Delano-Pyle v. Victoria County, Texas, 302 F.3d 567, 574 (5th Cir.2002) (citing Brennan v. Stewart, 834 F.2d 1248, 1259 (5th Cir.1988)). The ADA expressly provides that "[t]he remedies, procedures and rights” available under the Rehabilitation Act are also accessible under the ADA. 42 USCA § 12133. Accordingly, "Qjurisprudence interpreting either section is applicable to both.” Delano-Pyle, 302 F.3d at 574 (citing Hainze v. Richards, 207 F.3d 795, 799 (5th Cir.2000)).

.See Bartlett v. New York State Bd. of Law Examiners, 156 F.3d 321, 331 (2nd Cir.1998), vacated on other grounds, 527 U.S. 1031, 119 S.Ct. 2388, 144 L.Ed.2d 790 (1999), Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir.2011), Ferguson v. City of Phoenix, 157 F.3d 668, 674-75 (9th Cir.1998), cert. denied, 526 U.S. 1159, 119 S.Ct. 2049, 144 L.Ed.2d 216 (1999), Powers v. MLB Acquisition Corp., 184 F.3d 1147, 1153 (10th Cir.1999), Liese v, Indian River County Hasp. Dist., 701 F.3d 334, 348 (11th Cir.2012).

. It is uncontested that there was a handicap parking spot near the gym, but that it was occupied at the time Mr. London sought to park his vehicle.