| | | |
|---|---|---|
| **JONATHAN BERGMANN** | * | **NO. 2024-CA-0093** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **TRANG NGUYEN** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-02437, DIVISION "H"
Honorable Jane E. Booth, Judge Pro Tempore
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Dale
N. Atkins)

Jonathan Bergmann
2834 Calhoun Street
New Orleans, LA 70118


      PRO SE PLAINTIFF/APPELLANT


Theon Agnes Wilson
LAW OFFICES OF THEON A. WILSON
1100 Poydras Street, Suite 1160
New Orleans, LA 70163


      COUNSEL FOR DEFENDANT/APPELLEE


              **AFFIRMED**

              **DECEMBER 30, 2024**

*DLD*
*RLB*
*DNA*

The appellant, Jonathan Bergmann, appeals two trial court judgments – the October 24, 2023 judgment granting the Petition to Revoke Gratuitous Donation *Inter Vivos* filed by Mr. Bergmann's former wife, Trang Nguyen, and the November 28, 2023 judgment awarding her attorney fees and costs.

Mr. Bergmann and Ms. Nguyen married in 2009. Prior to the marriage, in 2006, Ms. Nguyen purchased property located at 2721 Joseph Street in New Orleans. The parties lived in this home during their marriage. In 2013, Ms. Nguyen executed an Act of Donation in which she donated one-half of her right, title and interest in the Joseph Street property to Mr. Bergmann. Ms. Nguyen filed for divorce in 2019.

In a previous appeal related to the parties' divorce proceedings, this Court affirmed a trial court judgment awarding Ms. Nguyen exclusive use and occupancy of the family home and designating Ms. Nguyen as the domiciliary parent of the parties' two minor children. *Bergmann v. Nguyen*, 21-0553 (La. App. 4 Cir. 4/27/22), 366 So.3d 422. This opinion detailed the litigation history between the parties, which began when Mr. Bergmann filed a "Petition for Protection from Abuse" against Ms. Nguyen on March 4, 2019. In that petition and in a

1

supplemental and amending petition filed on March 14, 2019, Mr. Bergmann alleged several instances of abuse including that Ms. Nguyen had physically assaulted him on March 2, 2019. During the pendency of those petitions, Mr. Bergmann obtained a temporary restraining order against Ms. Nguyen and was granted temporary sole custody of the children and temporary use of the family home. Ms. Nguyen was denied access to her children for three weeks and was prohibited from going to their school during that time.

Ms. Nguyen filed for divorce on March 12, 2019. Following a hearing on both of Mr. Bergmann's petitions, the trial court found Ms. Nguyen's testimony more credible than that of Mr. Bergmann and dismissed Mr. Bergmann's petitions with prejudice on March 25, 2019. On March 28, 2019, Ms. Nguyen filed her own "Petition for Protection from Abuse, In-Reconvention," in which she referenced an incident that occurred on December 30, 2018. Ms. Nguyen alleged that during an argument on that date, Mr. Bergmann poured beer over her head and spit in her face. On April 1, 2019, she filed her "Petition to Revoke Gratuitous Donation *Inter Vivos*," which is the subject of the instant appeal.

In that petition, Ms. Nguyen alleged that the 2013 Act of Donation of one-half interest in the Joseph Street property to Mr. Bergmann should be revoked because of the ingratitude of the donee, Mr. Bergmann. Ms. Nguyen cited Louisiana Civil Code Article 1556, which states, in pertinent part, "A donation *inter vivos* may be revoked because of ingratitude of the donee… ." Further, Ms. Nguyen cited Louisiana Civil Code Article 1557, which states, in pertinent part, "Revocation on account of ingratitude may take place only in the following cases: (1) If the donee has attempted to take the life of the donor; or (2) If he has been guilty towards him of cruel treatment, crimes, or grievous injuries." Ms. Nguyen

2

also disputed the authenticity of the Act of Donation in her petition, but during trial, her counsel conceded that the Act of Donation was executed with Ms. Nguyen's knowledge and consent.

Ms. Nguyen alleged that Mr. Bergmann has committed numerous acts of cruel treatment against her, and that those acts were sufficient to justify revocation of the Act of Donation. She claims to have suffered grievous injuries because of Mr. Bergmann's actions, including the aforementioned assault on December 30, 2018, and his obtaining of a court order that caused her to be temporarily evicted from her home and denied access to her minor children for three weeks. In his request for a protective order, Mr. Bergmann alleged acts of abuse toward him by Ms. Nguyen that were later determined by the trial court to be unfounded.

Following trial, the trial court rendered judgment on October 24, 2023, granting Ms. Nguyen's Petition to Revoke Gratuitous Donation *Inter Vivos* and decreeing that the subject property is her separate property. The judgment also granted Ms. Nguyen's request that Mr. Bergmann be ordered to pay reasonable attorney fees and court costs associated with the preparing, filing and prosecuting of the Petition to Revoke Gratuitous Donation *Inter Vivos*. A judgment dated November 28, 2023, was rendered against Mr. Bergmann ordering him to pay a total amount of $10,365.50 for those items. This devolutive appeal by Mr. Bergmann of both judgments followed.

On appeal, Mr. Bergmann argues that the trial court abused its discretion and committed reversible error in granting Ms. Nguyen's Petition to Revoke Gratuitous Donation *Inter Vivos* and in granting her request for attorney fees and costs. Mr. Bergmann's brief does not include any argument regarding the propriety of the award of attorney fees and costs, and is therefore abandoned. "All assignments of

3

error and issues for review shall be briefed. The court may deem as abandoned any assignment of error or issue for review which has not been briefed." Rule 2.12-4(B)(4), Uniform Rules, Courts of Appeal.

Mr. Bergmann, who represented himself at trial, first argues that he was discriminated against and denied court services under the Americans with Disabilities Act ("ADA"). His brief details instances during the court proceedings where he alleges his rights under the ADA were violated.

"The ADA provides that '[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *London v. E. Baton Rouge Par. Sch. Bd.*, 13-0034, p. 3 (La. App. 1 Cir. 9/13/13), 134 So. 3d 623, 625 (alteration in original) (citing 42 USCA § 12132). "The ADA requires those 'claiming the Act's protection ... to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience ... is substantial'" *Beaumont v. Exxon Corp.*, 02-2322, p. 13 (La. App. 4 Cir. 3/10/04), 868 So. 2d 976, 984 (alteration in original) (citing *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999)).

Other than Mr. Bergmann's claim that he is disabled, no evidence was offered to substantiate this claim. During a suspension of the trial, a telephone conference was held with the participants including the trial court, Mr. Bergmann and counsel for Ms. Nguyen. The trial court stated the details of the conference on the record and noted that Mr. Bergmann requested that the court respond to written communication he forwarded to the Judicial Administrator requesting multiple accommodations pursuant to the ADA. The trial court stated that she indicated to

4

Mr. Bergmann that to the extent she was able to make accommodations, she would do so and further indicated to him what accommodations the court was already prepared to make including moving his seating position in the courtroom and explaining trial procedures to him.

The trial transcript shows that notwithstanding Mr. Bergmann's failure to carry his burden of proving a disability entitling him to the protections of the ADA, the trial court accommodated reasonable requests for assistance made by Mr. Bergmann. Some of those accommodations included allowing Mr. Bergmann to move several times so that he could better see Ms. Nguyen as she testified, and allowing Mr. Bergmann to choose where to sit to deliver his own testimony. Also, because of Mr. Bergmann's lack of knowledge as to how to impeach a witness, the trial court repeatedly assured Mr. Bergmann that she would read the transcripts of all the prior proceedings in this case. The trial court suspended the trial during Ms. Nguyen's testimony and continued the trial to a later date to allow Mr. Bergmann additional time to organize and be better prepared before the trial resumed. The trial court made clear to Mr. Bergmann that he could hire an advocate to assist him at the hearing, and a fee schedule could be explained to him if he wished to obtain a transcript of the portion of the trial that took place before the trial was suspended.

We find no merit in Mr. Bergmann's argument that he experienced any discrimination by the trial court or was denied any services he was entitled to under the ADA.

Mr. Bergmann also argues that the trial court erred in granting Ms. Nguyen's Petition to Revoke Gratuitous Donation *Inter Vivos*. While not mentioning the specific events alleged by Ms. Nguyen that led to her filing of this petition, Mr. Bergmann argued that Ms. Nguyen's allegations in support of her petition to

revoke are false, and the trial court should not have found her to be a credible witness.

La. C.C. art. 1468 defines a donation *inter vivos* as follows: "A donation *inter vivos* is a contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, called the donee, who accepts it." Donations *inter vivos* are generally irrevocable. *Busse v. Lambert*, 00-1032, p. 5 (La. App. 5 Cir. 10/31/00), 773 So.2d 182, 183.

La. C.C. art. 1556 states, in pertinent part: "A donation *inter vivos* may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition." La. C.C. art. 1557 states: "Revocation on account of ingratitude may take place only in the following cases: (1) If the donee has attempted to take the life of the donor; or (2) If he has been guilty towards him of cruel treatment, crimes, or grievous injuries.

Our standard of review on this claim for revocation of a donation *inter vivos* is whether the trial court committed manifest error or was clearly wrong in determining whether Mr. Bergmann committed a "grievous injury" upon Ms. Nguyen. As stated in *Petrie v. Michetti*, 10-122 (La. App. 5 Cir. 1/11/11), 59 So. 3d 430:

> A trial court's determination as to whether a donee has committed a "grievous injury" upon a donor is a factual determination which depends heavily on the facts and circumstances specific to the case. *Erikson v. Feller*, 04-1033 (La. App. 3 Cir. 12/8/04), 889 So.2d 430, 434. A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, through Dept. of Trans. and Development*, 92–1328 (La. 4/12/93), 617 So.2d 880, 882. When reviewing findings of fact, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the

6

conclusion was a reasonable one. *Adams v. Rhodia, Inc.*, 07-2110 (La. 5/21/08), 983 So.2d 798, 806.

*Petrie*, 10-122, p. 17, 59 So.3d 430 at 440.

In *Porter v. Porter*, 36,007, p. 7 (La. App. 2 Cir. 6/12/02), 821 So.2d 663, 667-68, the Court stated:

> Grievous injuries sufficient to revoke a donation have been defined as any act naturally offensive to the donor. *Perry v. Perry*, 507 So.2d 881 (La. App. 4th Cir.1987), *writ denied*, 512 So.2d 465 (La. 1987). The jurisprudence has held that cruel treatment or grievous injury sufficient to revoke a gratuitous donation may include adultery by a spouse, seizing property belonging to a parent, filing suit against a parent alleging criminal activity, and slandering the memory of the donor. *Perry v. Perry, supra; Spruiell v. Ludwig*, 568 So.2d 133 (La. App. 5th Cir.1990), writ denied, 573 So.2d 1117 (La.1991); *Sanders v. Sanders*, 33,865 (La. App. 2d Cir.9/27/00), 768 So.2d 739; *Whitman v. Whitman, supra; Succession of McDonald*, 154 La. 1, 97 So. 262 (1923).

Cases where actions of the donee were found to constitute cruel treatment or grievous injury sufficient to revoke a donation include *Cook v. Cook*, 21-1558 (La. App. 1 Cir. 7/7/22), 344 So.3d 670 (donee committed adultery); *Bihm v. Deca Systems, Inc.*, 16-356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466 (conversion and/or misappropriation of company funds by co-owner); *Salassi v. Salassi*, 08-510 (La. App. 5 Cir. 5/12/09), 13 So.3d 670 (wife's petition contained "blatantly untruthful, inaccurate and defamatory allegations"); *Erikson v. Feller*, 04-1033 (La. App. 3 Cir. 12/8/04), 889 So.2d 430 (grandson's conduct in attempting to evict grandfather from property and making veiled allegations that grandfather had molested grandson's child); and *Perry v. Perry*, 507 So.2d 881 (La. App. 4th Cir. 1987) (son's having directed sheriff to seize personal property of his parents).

A review of the record shows that the trial court's ruling that Ms. Nguyen was the more credible witness was certainly reasonable. In granting Ms. Nguyen's Petition to Revoke Gratuitous Donation *Inter Vivos*, the trial court reasoned as follows:

> Jonathan Bergmann's actions, as described in the testimony of three witnesses during the hearing of his Petition for Protection from Abuse of initiating an argument, pouring two cans of beer on Ms. Nguyen, and spitting on her constitute cruel treatment. The Court also finds that based on Ms. Nguyen's testimony, she suffered grievous injuries as a result of the allegations in Mr. Bergmann's Petition for Protection from Abuse when she was evicted from her home located at 2721 Joseph Street, prohibited from going within 100 yards of the property, denied custody of and access to her two minor children for three weeks, and prohibited from going to the children's school. The Court finds that these actions constitute acts naturally offensive to Ms. Nguyen and are demonstrative of ingratitude as considered in La. C.C. art. 1556, thereby warranting revocation under La. C.C. art. 1557.

We find no merit in any of the arguments urged by Mr. Bergmann in support of his contention that the trial court erred in granting the Petition to Revoke Gratuitous Donation *Inter Vivos*. We conclude that the trial court was not manifestly erroneous or clearly wrong in finding that the actions of Mr. Bergmann detailed in the reasons for judgment above constituted cruel treatment and that Ms. Nguyen suffered grievous injuries sufficient to warrant revocation of Ms. Nguyen's donation to Mr. Bergmann of one-half interest in the Joseph Street property.

The judgments granting Ms. Nguyen's Petition to Revoke Gratuitous Donation *Inter Vivos* and awarding her attorney fees and costs are hereby affirmed.

**AFFIRMED**