507 So.2d 881 (1987)
Earl G. PERRY, Jr.
v.
Earl G. PERRY, Sr.
No. CA-7015.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
Rehearing Denied June 17, 1987.
*882 Frank B. Hayne, New Orleans, for plaintiff-appellant Earl G. Perry, Jr.
Baldwin & Haspel, Mary Ann McGrath Swaim, New Orleans, for defendant-appellee Earl G. Perry, Sr.
Before REDMANN, C.J., and KLEES and WARD, JJ.
KLEES, Judge.
This appeal is taken from a judgment of the district court enjoining the execution of a prior judgment rendered in favor of appellant, Earl G. Perry, Jr. We affirm.
The opposing parties in this case are father and son. The father, a part owner of OgdenPerry Theaters, Inc., gave to his son over a period of years a substantial amount of stock in the corporation. When the son became an attorney, the father signed a written guarantee prepared by the son of a contract by which the corporation agreed to buy back the son's stock to enable him to finance his law practice. Pursuant to the contract, the son received an initial lump sum payment of $150,000 in 1978 and then monthly installment payments of $5,000 each on the balance due. In the summer of 1985, the corporation ceased making payments due to its financial difficulties and subsequently filed for bankruptcy. The son then sued his father as guarantor on the contract, and on April 22, 1986, the district court rendered judgment against the father in the amount of $163,249.28.
Apparently unable to collect on the judgment, Mr. Perry, Jr. obtained a writ of fieri facias and directed the sheriff to seize various items of personal property located at his parents' home, including jewelry, appliances and furniture. During the seizure, at which the son was not present, his mother fainted and his father was summoned to obtain medical attention for her.
Following this experience, Mr. Perry, Sr. and his wife filed a petition seeking a preliminary injunction against the seizure alleging, among other claims, that they were revoking for ingratitude various donations they had made to their son and that the revocation of these donations would be compensation for their judgment debt. After a hearing, the district court enjoined the execution of the judgment pending a hearing to ascertain the value of the donations to be offset against the judgment amount.
Upon reviewing the law, we find that the trial court was correct in issuing the injunction. Article 2298 of the Code of Civil Procedure provides that injunctive relief may issue prohibiting the sale of property seized under a writ of fieri facias when subsequent to the judgment, compensation (in whole or in part) has taken place. Civil Code article 1902, entitled "Compensation by judicial declaration," states:

*883 Although the obligation claimed in compensation is unliquidated, the court can declare compensation as to that part of the obligation that is susceptible of prompt and easy liquidation.
The trial judge's decision to grant the injunction was based on two underlying conclusions: (1) That the seizure of Mr. & Mrs. Perry's property instigated by their son is sufficient cause under the Civil Code for revocation of donations made to the son; and (2) That the objects of said donations are "susceptible of prompt and easy liquidation." The appellant challenges both of these conclusions.
Article 1560 of the Civil Code provides that revocation on account of ingratitude can take place if the donee "has been guilty towards [the donor] of cruel treatment, crimes or grievous injuries." The trial judge found that the son's having directed the sheriff to seize personal property of his parents constitutes cruel treatment or grievous injury within the meaning of the article. We agree. Although we have found no cases on point, the discussion of revocation for ingratitude in the Civil Law Translations of Aubry and Rau defines "grievous injuries" as follows:
"Injuries" include any act naturally offensive to the donor. It may be the adultery of one of the spouses.... The act may consist of slanderous charges; of a seizure levied by the donee against the donor of whom he is creditor; or, in a proper case, even of the refusal to consent to the revocation.
4 C. Aubry & C. Rau, COURS DE DROIT CIVIL FRANCAIS, § 708 (La. State Law Institute Trans. Vol. 3, 1965) (Footnotes omitted; emphasis added.). A common understanding of the term "grievous injuries," bolstered by the above authority, leads us to conclude, as did the trial judge, that the actions of Mr. Perry, Jr. as creditor of his father are sufficient evidence of ingratitude to support revocation of any donations made to him.
The second conclusion of the trial judge, that the objects of at least some of the donations are "susceptible of prompt and easy liquidation" within the meaning of article 1902, is also correct. The First Circuit, interpreting former Civil Code article 2209, has held that for purposes of compensation, a debt is liquidated when its amount is "capable of ascertainment by mere calculation or computation in accordance with established or accepted legal standards." Olinde Hardware & Supply Co. v. Ramsey, 98 So.2d 835, 843 (La.App. 1st Cir. 1957), citing 80 C.J.S., SetOff and Counterclaim, § 43, p. 69. In their petition for injunctive relief, Mr. and Mrs. Perry, Sr. listed several catergories of gifts made to their son, including money, cars, trips, tuition for him and his children, and stock. According to Civil Code article 1563, when a donation is revoked, the donee is obliged to restore the value of the thing given, estimating such value according to its worth at the time of bringing the revocation action. Thus, the value placed upon these donations for purposes of compensation must be the value that each gift had at the time of the petition for injunctive relief, when revocation was first claimed.
Appellant, Earl G. Perry, Jr., argues vigorously that the value of the stock donated to him is not easily ascertainable because the corporation is now bankrupt. We agree with this argument. However, we find, that some of the other categories of gifts, such as money, have values which are readily ascertainable. Therefore, the trial judge's enjoining the execution of the judgment pending a hearing to ascertain these values was not in error.
Our decision to affirm the injunction renders moot other issues raised by the appellant challenging various rulings the trial judge made from the bench that particular items of property were exempt from seizure under Louisiana law.
Accordingly, for the reasons stated herein, we affirm the judgment of the district court granting temporary injunctive relief to appellee, with all costs to be borne by appellant.
AFFIRMED.