CHUTZ, J.
Defendant-appellant, Donna "Renee" Watts, appeals the trial court's judgment denying her claim for revocation of an inter vivos donation of immovable property. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Renee and Sonny divorced after approximately nine years of marriage. As a result of a consent judgment, Renee was awarded *332 the house, located at 12180 Marilyn Lane in Hammond, Louisiana.[1] On December 6, 2006, the parties remarried. It is undisputed that the Marilyn Lane residence, which was Renee's separate property, then became the couple's matrimonial domicile. On September 4, 2009, Renee donated the Marilyn Lane residence to Sonny.
On November 4, 2015, Sonny filed a petition for divorce in which he requested exclusive use of the Marilyn Lane residence. Renee answered the lawsuit, also requesting exclusive use of the matrimonial domicile. Renee subsequently filed a petition to revoke the September 4, 2009 donation, citing ingratitude.
Despite the pending divorce, both parties continued to reside in the home. On February 22, 2016, Sonny amended his petition, averring that the Marilyn Lane residence was his separate property by virtue of the September 4, 2009 donation. Sonny also moved to have Renee either evicted from or ordered to vacate the residence.
After a hearing, the trial court signed a judgment on April 18, 2016, ordering Renee "to vacate [Sonny's] separate property." Renee filed a motion for new trial. She also amended her petition for revocation in order to include an allegation that the judgment in Sonny's favor constituted an additional act of ingratitude, further warranting revocation of the September 4, 2009 donation.
A hearing was held on June 1, 2016, on Renee's claim for revocation of the September 4, 2009 donation. During the presentation of rebuttal evidence, Renee raised the issue of whether the donation was invalid for failure to comply with the form mandated for interspousal donations as set forth in La. C.C. Art. 1747.
The trial court continued the hearing to allow the parties to conduct further discovery and prepare a defense. On June 23, 2016, the matter was concluded. The trial court rendered judgment on August 30, 2016, denying Renee's claim for revocation of the donation as well as her motion for new trial of the April 18, 2017 judgment. Renee appeals.
VALIDITY OF THE DONATION
Renee avers the donation inter vivos she and Sonny executed was deficient in form. Specifically, she contends the parties did not sign the document as required by La. C.C. art. 1747 for interspousal inter vivos donations.
La. C.C. art. 1747 provides in part:
The donation shall be made by a single instrument in authentic form. The instrument, which shall expressly state that the donor makes the donation in contemplation of his prospective marriage or in consideration of his present marriage, as the case may be, shall be signed at the same time and at the same place by the donor and by the donee.
Renee maintains that because the undisputed evidence in the record establishes the parties did not sign the September 4, 2009 donation at the same time and in the same place, the donation is invalid.
We first note that the donation inter vivos executed by the parties on September 9, 2004, expressly stated that Renee donated the property to Sonny "in consideration of the love and affection" she had for him. Because the parties were married at the time that the donation was executed, we conclude that Renee's recital stating *333 that she donated the property in consideration of the love and affection she had for Sonny was in consideration of her present marriage.
Although nothing in the record establishes that Renee and Sonny executed the donation "at the same time and at the same place" as required by Article 1747, we conclude that failure does not render the September 9, 2004 donation inter vivos null and void. Article 1747 must be read in conjunction with the other code articles in the Civil Code chapter governing inter vivos interspousal donations, including La. C.C. art. 1744, which provides in pertinent part:
A donation inter vivos by a person to his future or present spouse in contemplation of or in consideration of their marriage that is not made in accordance with the provisions of this Chapter shall be governed solely by the rules applicable to donations inter vivos in general. [Emphasis added.]
Thus, under the plain language of Article 1744, Renee's donation inter vivos of the Marilyn Lane residence to Sonny, made in consideration of their marriage, not made in accordance with Article 1747 is "governed solely by the rules applicable to donations inter vivos in general." According to La. C.C. art. 1541, "A donation inter vivos shall be made by authentic act under the penalty of absolute nullity."[2]
Although Renee challenged the propriety of the authentic act at the June 1st and 23rd hearings, suggesting the evidence established that Sonny did not appear before the notary and two witnesses as recited on the act of donation, she does not so assert in this appeal. Accordingly, we find no error in the trial court's implicit determination that the September 4, 2009 donation inter vivos was valid as to form.
CLASSIFICATION OF THE PROPERTY[3]
Renee claims that since her donation inter vivos to Sonny was executed *334 during the existence of the marriage, it is presumed that the Marilyn Lane residence is community property. She asserts that because the four corners of the September 4, 2009 donation inter vivos fail to establish that she gave the property to Sonny as his separate property, the trial court erred in finding that the Marilyn Lane residence is Sonny's separate property.
According to La. C.C. art. 2343.1 :
The transfer by a spouse to the other spouse of a thing forming part of his separate property, with the stipulation that it shall be part of the community, transforms the thing into community property. As to both movables and immovables, a transfer by onerous title must be made in writing and a transfer by gratuitous title must be made by authentic act.
As we have already noted, the September 4, 2009 donation was made by an authentic act. According to the terms of the donation:
Personally came and appeared,
[Renee] ..., married, to [Sonny], donor, ... who declared that in consideration of the love and affection which she has for
[Sonny] ..., married to [Renee] ... herein referred to as donees Donor hereby does, by these presents, irrevocably donate inter vivos, give grant, transfer, set over, with all legal warranties ... and deliver to [Sonny], the hereinafter described immovable property, presently owned by donor, and which is fully described as:
One (1) certain tract or parcel of land, together with all the buildings and improvements thereon ... being more particularly [known as the Marilyn Lane residence].[4]
To have and to hold the above described property unto DONEE, his heirs, successors, and assigns forever.
Said donee does hereby accept this donation with gratitude, and acknowledges delivery and possession thereof. [Footnote added.]
Property in the possession of a spouse during the existence of the community property regime is presumed to be community, but either spouse may rebut the presumption. La. C.C. art. 2340. The spouse seeking to rebut the presumption bears the burden of proving by a preponderance of the evidence that property is separate in nature. A trial court's finding regarding the nature of property as being either community or separate is a factual determination subject to the manifest error/clearly wrong standard of review. Benoit v. Benoit , 2011-0376 (La. App. 1st Cir. 3/8/12), 91 So.3d 1015, 1021, writ denied, 2012-1265 (La. 9/28/12), 98 So.3d 838.
*335 The parties testified in conformity with one another that Renee donated the Marilyn Lane residence to Sonny to ensure that upon her premature death, he would have a home in which to live and that her children would not "just throw him out." Although Renee stated it was her intent to give the Marilyn Lane residence to the community and that she would retain an interest in the property, Sonny testified that Renee never said she was only giving him a half interest in the property. Sonny said that between 2009, when they executed the donation, and 2015, when he filed for divorce, Renee never indicated that she wanted to change the terms of the donation. According to Sonny, the reason he sought the divorce was because he had become tired of Renee threatening to throw him out of the house that was in his name.
We find no manifest error in the trial court's classification of the Marilyn Lane residence as Sonny's separate property. The trial court could infer that the parties' intent was to transfer the Marilyn Lane residence to Sonny as his separate property from Sonny's testimony indicating that the Marilyn Lane residence was "in his name." While Renee testified to the contrary, we are aware that upon review of this record, our duty is not to reweigh the evidence but to simply ascertain whether the trial court's conclusion was reasonable in light of the record in its entirety. See Stobart v. State, through Dep't of Transp. and Dev. , 92-1328 (La. 4/12/93), 617 So.2d 880, 882.
The donation clearly stated that Renee "irrevocably donate[d]" the former matrimonial domicile unto Sonny, "his heirs, successors, and assigns forever." And Sonny expressly accepted Renee's donation in writing as the donee. Therefore, there is no error in the trial court's classification of the Marilyn Lane residence as Sonny's separate property.[5]
REVOCATION OF DONATION FOR INGRATITUDE
Renee contends she is entitled to have the donation inter vivos revoked due to Sonny's ingratitude. She maintains that Sonny's acts of filing for divorce, seeking and obtaining a judgment evicting her from the Marilyn Lane residence, refusing to consent to a voluntary revocation of the donation, as well as her claims that he threatened her with violence, said he no longer loved her, and made disparaging comments about her daughter that he said he would convey to Renee's emotionally disturbed grandson demonstrated ingratitude sufficient to revoke the donation.
Although generally irrevocable, see La. C.C. art. 1468, a donation may be revoked on account of ingratitude but only if the donee has been guilty of, among other things, grievous injuries toward the donor. See La. C.C. arts. 1556 & 1557. The *336 trial court's determination as to whether a donee has committed a "grievous injury" upon a donor is a factual determination, which depends heavily on the facts and circumstances specific to the case. Petrie v. Michetti , 2010-122 (La. App. 5th Cir. 1/11/11), 59 So.3d 430, 440. A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. When reviewing findings of fact, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the conclusion was a reasonable one. Stobart , 617 So.2d at 882.
Based on the evidence, the trial court was not manifestly erroneous in its conclusion that Sonny's actions were insufficient to constitute grievous injury to Renee so as to support revocation of the donation. Sonny's action of pursuing available legal remedies after he told Renee he was no longer in love with her does not demonstrate such grievous injury that we can say the trial court's conclusion to the contrary was unreasonable.
Renee has cited, and we have found, no cases that hold a donation revocable based solely on the donee's pursuit of a divorce from the donor without regard to fault. Sonny's decision to seek a divorce does not demonstrate infliction of a grievous injury upon Renee as a matter of law, and the trial court's conclusion that Sonny's pursuit of a divorce failed to show a grievous injury sufficient to warrant revocation of the donation is not unreasonable in light of this record reviewed in its entirety. Similarly, once the petition for divorce was filed, it was not unreasonable for Sonny to request that the court resolve the issue of classification of the Marilyn Lane property which resulted in the judgment ordering Renee to evict the premises. And while it is true that the refusal to consent to the revocation has been suggested as a grievous injury sufficient to support a revocation of a donation, see Perry v. Perry , 507 So.2d 881, 883 (La. App. 4th Cir.), writ denied, 512 So.2d 465 (La. 1987) (quoting 4 C. Aubry & C. Rau, COURS DE DROIT CIVIL FRANCAIS, § 708 (La. State Law Institute Trans. Vol. 3, 1965)), the availability of such a basis was tempered as "in a proper case." In that no example was provided by the Perry court and this dictum has not been applied by any subsequent Louisiana court, we cannot say the trial court erred in concluding that Sonny's choice to not voluntarily revoke Renee's donation was insufficient to constitute a grievous injury so as to warrant revocation of the donation.
Insofar as Renee's claims regarding the remarks Sonny made to her and those she avers he said about her daughter, Sonny testified to the contrary. He denied that he threatened Renee. And while he admitted that he told Renee he was no longer in love with her, Sonny stated it was in the context of advising her he wanted a divorce. Lastly, Sonny admitted that he was upset with Renee's daughter, Melinda "Lerai" Lucas, and told Renee that he ought to reveal information about Lerai to her son. But according to Sonny he was blowing off steam and would never have actually done so. Given Sonny's testimony, a reasonable factual basis exists to support the trial court's conclusion that Sonny's remarks were insufficient to constitute grievous injury sufficient to revoke the donation.
DECREE
For these reasons, the trial court's judgment is affirmed. Appeal costs are assessed against defendant-appellant, Donna Renee Watts.
AFFIRMED.

Renee's separate property was used to build the Marilyn Lane residence, although Sonny contributed to the construction.

See La. C.C. art. 1833 (setting forth the requirements for an authentic act and expressly stating "[t]o be an authentic act, the writing need not be executed at one time or place).

The trial court issued a single document that contained both its reasons for judgment and the judgment. Although it is technically improper to incorporate written reasons for judgment in the judgment itself, see La. C.C.P. art. 1918, such action does not serve to invalidate the judgment. ASP Enterprises, Inc. v. Guillory, 2008-2235 (La. App. 1st Cir. 9/11/09), 22 So.3d 964, 968, writ denied, 2009-2464 (La. 1/29/10), 25 So.3d 834. While the trial court expressly found that the donation, in authentic form, was valid, it did not make an express finding on Renee's claim that the Marilyn Lane residence was an asset of the community, stating instead that "the transfer was to [Sonny], his heirs, successors, and assigns." But before the trial court was Renee's motion for new trial challenging the propriety of the April 18, 2016 judgment, evicting Renee from the former matrimonial domicile, which expressly and necessarily included a finding that the Marilyn Lane residence was Sonny's separate property. And in her pretrial and post-trial memoranda, Renee raised the issue of the classification of the Marilyn Lane residence as community. Reading the August 16, 2016 reasons for judgment and mindful that silence in a judgment as to a claim that has been joined is deemed a rejection of that claim, see Schoolhouse, Inc. v. Fanguy, 2010-2238 (La. App. 1st Cir. 6/10/11), 69 So.3d 658, 664, we conclude that by denying her motion for new trial, the trial court rejected Renee's claim that the former marital domicile was community property. Although in her motion for new trial, Renee did not expressly challenge the finding that the Marilyn Lane residence was Sonny's separate property, since she has raised the issue of the classification of the property in this appeal, we conclude it is correctly before us in this review as part of an appeal of the April 18, 2016 judgment on the merits since Renee timely appealed the August 30, 2016 judgment, denying the motion for new trial. See Hill v. TMR Exploration, Inc., 2016-0566 (La. App. 1st Cir. 6/13/17), 223 So.3d 556, 560, writ denied, 2017-1163 (La. 10/27/17), 228 So.3d 1227 (the denial of a motion for new trial is an interlocutory and non-appealable judgment; however, an appeal of the denial of a motion for new trial should be considered as an appeal of the judgment on the merits when it is clear from appellant's brief that the appeal was intended to be on the merits).

The full description of the donated item set forth in the donation inter vivos is:
One (1) certain tract or parcel of land, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenance and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Tangipahoa, State of Louisiana, being more particularly described as LOT NUMBER THREE, BRENTWOOD ACRES SUBDIVISION, in Section 5, Township 7, South, Range 7 East, all as per survey of Gilbert Sullivan, Reg. Land Surveyor, dated November 8, 1979.

Renee asserted that in identifying the donee of the donation, the use of the plural "donees" demonstrated an ambiguity that, with parol evidence, required a finding that she donated the Marilyn Lane residence to both Sonny and herself. We note that reading the document in its entirety, the donation later identifies Sonny, as well as only "his heirs, successors, and assigns forever," as the sole donee designated "[t]o have and to hold the above described property." Additionally, the donation was expressly accepted by a single donee, Sonny. Thus, based on the language utilized within the four corners of the donation, it appears that the plural reference in the identification of the parties to the act was merely a typographical error. Moreover, to the extent that the reference to "donees" was ambiguous, after accepting parol evidence, the trial court concluded that the parties intended that the irrevocable donation was to Sonny as his separate property and, as we have determined, this conclusion is not manifestly erroneous. Therefore, there was no error by the trial court on this basis.