HOWARD A. WEISNER, SR.

VERSUS

ELIZABETH WEISER A/K/A ELIZABETH
WEISER CASTILLE

NO. 19-CA-433

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 756-148, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

March 17, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

**AFFIRMED**
    **JJM**
    **SMC**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLANT,
DEBORAH BARKER WEISER
    Lena R. Hinton

COUNSEL FOR DEFENDANT/APPELLEE,
ELIZABETH W. CASTILLE
    Ronald W. Morrison, Jr.

**MOLAISON, J.**

In this action to revoke an inter vivos donation, appellant appeals the trial court's judgment in favor of appellee. For the reasons that follow, we affirm.

**PROCEDURAL HISTORY**

The underlying judgment in this matter is from one of several cases pertaining to the estate of Howard A. Weiser, Sr., between the decedent's second wife, Deborah Weiser, and his daughter, Elizabeth W. Castille.[1]

The record before us shows, in relevant part, that on May 29, 2015, Mr. Weiser, through an authentic act, made an inter vivos donation to his daughter, Ms. Castille, of immovable property in the city of Gretna identified as "Lot Number Twelve" of "Portion 'B" in Hero Subdivision, within Jefferson Parish, including "all the buildings and improvements thereon." On December 10, 2015, Mr. Weiser filed a petition in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to annul the gratuitous inter vivos donation of Lot Number Twelve to Ms. Castille.[2] Mr. Weiser alleged that the donation was an absolute nullity, as it was contrary to La. C.C. art. 1498 because he had not reserved sufficient income from his property to allow for his subsistence. Mr. Weiser further alleged that he had a limited education, could not read or write, was disabled and had Alzheimer's disease, and did not realize at the time of the donation that he was not retaining usufruct of the donated property. Mr. Weiser asserted that it was his belief that Ms. Castille would not get income from the property or the right of habitation until after he died. In addition, Mr. Weiser claimed that he had a basis to revoke the

---

[1] Three separate lawsuits were originally filed in the Twenty-Fourth Judicial District Court regarding Mr. Weiser's property. Case 756-148 pertained to Mr. Weiser's petition to annul his donation to Ms. Castille. Case 782-693 was filed to probate Mr. Weiser's last will and testament. Case 784-323 was filed by Ms. Castille to have Mr. Weiser's will declared invalid. In an order dated August 30, 2018, cases 756-148 and 784-323 were consolidated.

[2] The first donation to Ms. Castille ("Donation 1") of 1544 Claire Avenue in Gretna, was made in a notarized act dated October 30, 2014.

donation based upon the ingratitude of Ms. Castille, who had failed to use income from the donated properties to pay his living expenses, bills and debts.

Ms. Castille filed an answer on March 4, 2016, in which she generally denied almost all of the allegations in Mr. Weiser's petition. Ms. Castille claimed that she had donated a full usufruct of the property, located at 1518 Claire Avenue, back to Mr. Weiser by an act of donation made on March 2, 2016. Ms. Castille also claimed that she had remitted "any and all income" generated from the properties that were donated to her by Mr. Weiser.

The record indicates that Mr. Weiser passed away on March 25, 2018. In an order dated June 27, 2018, the trial court granted appellant, Mrs. Weiser's, *ex parte* motion to substitute herself as a party for her deceased husband. The matter proceeded to a judge trial on March 25, 2019, during which the court granted Ms. Castille's motion for involuntary dismissal as to one issue. After trial, the matter was taken under advisement and both parties submitted post-trial briefs. On April 30, 2019, the trial court ruled in favor of Ms. Castille, and dismissed the petition to annul with prejudice.

This timely appeal follows.[3]

## ASSIGNMENTS OF ERROR

1. Whether Deborah B. Weiser was aggrieved by the trial court judgment in deprivation and denial of her constitutional liberties, property rights and interests?
2. Whether the probate of Mr. Weiser's last will and testament deeming it valid and binding divested the trial court of any further jurisdiction?
3. Whether during a marital regime, community property could be alienated, encumbered or disposed of prior to dissolution of the marriage and partition of the community in direct violation of a court order to the contrary?
4. Whether the trial court granted preliminary injunction in error of law?
5. Whether the acts/omissions of Elizabeth Castille constitute fraud and fraud on the court?

---

[3] As will be discussed, *infra*, Mrs. Weiser's notice of appeal only seeks review of the trial court's May 1, 2019 judgment. An order of appeal must be obtained for each final judgment the appellant seeks to appeal. *Bamburg v. St. Francis Medical Center*, 45,024 (La. App. 2d Cir.1/27/10), 30 So.3d 1071, *writ denied*, 10-0458 (La. 4/30/10), 34 So.2d 294.

## LAW AND ANALYSIS

As a preliminary matter, we will clarify the scope of the instant appeal.[4] Exhibit D-6[5] contained in the record is a judgment dated November 19, 2018, from Twenty-Fourth Judicial District Case number 782-693, which upheld Mr. Weiser's Last Will and Testament. The will, identified as Plaintiff's Exhibit 4,[6] names Mrs. Weiser as Executrix of Mr. Weiser's succession and also bequeaths to Mrs. Weiser "FULL ownership of all Property which I [Mr. Weiser] die possessed of: corporeal and incorporeal, movable and immovable, including all mineral rights thereon." Mrs. Weiser argues, in summary, that the probate of Mr. Weiser's will, and placing her in possession of the entirety of Mr. Weiser's estate, should have foreclosed the court in the instant matter from upholding Mr. Weiser's *inter vivos* donation to Ms. Castillo. However, the limited record before us does not reflect that Mrs. Weiser challenged the propriety of the trial on the petition to annul by objecting prior to the proceedings. For an issue to be preserved for review, a party must make a timely objection and state the specific ground for the objection. Failure to contemporaneously object constitutes a waiver of the right to complain on appeal. Further, the reasons for the objection must be brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. *Willis v. Noble Drilling (US), Inc.*, 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 835-36. On appeal, an appellant is limited to the grounds for objection that he articulated in the trial court and a new basis for the objection may not be raised for the first time on appeal. *State v. Grimes*, 09-2 (La. App. 5 Cir. 5/26/09),

---

[4] In a related proceeding, Mr. Weiser's last will and testament was probated. In that matter, on October 1, 2018, Elizabeth W. Castille filed a Petition to Intervene and to Annul Last Will and Testament against Deborah B. Weiser in case no. 782-693 in Division P, and on November 5, 2018, a trial was held on the merits. The matter was taken under advisement, and on November 19, 2018, after the probate proceeding, the last will and testament of Howard A. Weiser, Sr. was adjudicated as a valid and legally binding document sustaining Judgment in favor of Deborah Barker Weiser accompanied with Reasons for Judgment. Several of Mrs. Weiser's assignments of error in the instant appeal refer to the judgment in that case.

[5] This exhibit was properly entered into evidence at trial on March 25, 2019.

[6] This exhibit was properly entered into evidence at trial on March 25, 2019.

16 So.3d 418, 424.  Thus, we will not consider any issues related to the probate of Mr. Weiser's last will and testament.

Next, Mrs. Weiser argues that the trial court ruling had the effect of improperly denying her of a community property interest she had in a rental property business operated at 1518 Claire Avenue.   Specifically, Mrs. Weiser asserts that the trailers, vending machines and washing machines on the property were purchased with community funds.  The record does not show that this issue was before the trial court with respect to the motion to annul.[7] Accordingly, it cannot be raised for the first time on appeal.  *State v. Grimes*, *supra*.

### Petition to Annul Donation

The only judgment before us is the April 30, 2019 ruling which dismissed the claims against Ms. Castille with prejudice.  Accordingly, we now consider the issue of whether the trial court erred in upholding the irrevocable inter vivos donation of the decedent, Howard A. Weiser, Sr., to the recipient Elizabeth Castille, including granting an involuntary dismissal in favor of Ms. Castille.

On March 25, 2019, a trial was held on the merits of the Petition to Annul Gratuitous Donation.   Ms. Castille testified that she physically cared for her father, Mr. Weiser, from 2014 through 2015 following when he had surgery to amputate his leg. While she lived with her father, Ms. Castille was responsible for taking care of his financial means, including collecting rents on his behalf.  Ms. Castille stated that she and her father both agreed that he should draft a new will and execute a donation on her behalf.  Ms. Castille testified that her father could not read or write, but he could sign his own name. She denied that her father became malnourished or developed bedsores under her care. She claimed that she and her

---

[7] This was acknowledged by the presiding judge at trial, who noted that there are no community property issues argued by Mrs. Weiser in the pleadings.  Accordingly, there is no trial court ruling to review regarding any community property interest Mrs. Weiser may have in the donated property at issue.

father both decided to stop paying the note on his truck after his leg was amputated.

Regarding the donation of the property, Ms. Castille testified that her father went with her to the attorney's office to discuss the necessary document. She did not tell the attorney that the donation was to be irrevocable. The donation document was not read to Mr. Weiser at the time it was executed. Ms. Castille and Mr. Weiser had an "understanding" that he "would always have the rents" from the property. She was aware that Mr. and Mrs. Weiser had purchased at least one trailer together and placed it on the property. Ms. Castille donated usufruct of the property back to her father, with the understanding that she would obtain full ownership when he passed away. She testified that she understood that her father wanted to dismiss that revocation lawsuit after her donation of usufruct back to him.

Mrs. Weiser testified that her husband believed that he had received his property back from Ms. Castille "in the clear." She stated that Mr. Weiser believed that "he was tricked into signing paperwork that he didn't want to sign." Near the end of Mr. Weiser's life, he and his daughter did not get along. The Weisers were separated in October of 2013, and she moved back into the family home in 2017 at the request of Mr. Weiser. In 2016, after Ms. Castille stopped taking care of him, Mrs. Weiser started bringing her husband to the doctor. Mr. Weiser's truck was repossessed while Ms. Castille took over his finances.

Mrs. Weiser stated that she and her husband purchased two trailers to place at the 1518 property. "Trailer A" was purchased in 2008 and "Trailer B" was purchased in 2013. Mrs. Weiser identified her signature on the mortgage for Trailer B with the 21st Mortgage Corporation. The trailer was still located on the property at the time of trial, and occupied by tenants. Mrs. Weiser said that she did not personally witness any incidents where Ms. Castille treated her father in a

"harmful" way. Mrs. Weiser believed that Mr. Weiser was of sound mind and capable of managing his own affairs when she visited him in 2016. She further testified that at the time of trial the property at 1518 Claire Avenue was in foreclosure because of non-payment of the mortgage for three months.

Mrs. Weiser asserted that her husband could read and write and did not have Alzheimer's. He donated property to Mrs. Weiser on August 17, 2006, for which he reserved usufruct. Mr. Weiser previously filed a petition to revoke gratuitous donation seeking a return of property from Mrs. Weiser, which alleged, in part, that she had removed a safe from the family home. She denied doing so. Mrs. Weiser stated that she never gave her husband permission to donate her interest in any immovable property.

Rodney Lyons testified that he began working for Mr. Weiser in 2008. He described an incident when he saw Mr. Weiser tell Ms. Castille to get off of his property. Mr. Lyons said that after the surgery to remove Mr. Weiser's leg, he was poor condition. Mr. Weiser was described as being immobile and covered in bed sores and feces while Ms. Castille left him for two weeks. After Mrs. Weiser left, the common areas of the rental properties were not maintained or cleaned. He also observed money missing from Mr. Weiser's safe that he believed Ms. Castille had stolen.

At the close of her case, Mrs. Weiser argued that the donation should be revoked because of Ms. Castille's cruel treatment of Mr. Weiser, and also because 1518 Claire contained community immovable property. The Judge observed that Mrs. Weiser had not argued any community property issues in her pleadings. The trial court then granted an involuntary dismissal at that time regarding the claim of any cruel treatment of Mr. Weiser by Ms. Castille. Mrs. Weiser objected to the trial court's ruling. The court then specified that any additional evidence taken at trial would pertain only to alleged potential error on the part of Mr. Weiser.

Ms. Castille was recalled as a witness and testified about donating the usufruct for 1518 Claire back to Mr. Weiser. She stated that after doing so, it was her understanding that her father's lawsuit to revoke his donation "was settled."

On cross examination, Ms. Castille stated her belief that her father had purchased the lot at 1518 Claire as his separate property in the 1970s, and that it had three trailers on it when he bought the land. She said she did not know that Mrs. Weiser's name was on the mortgage for one of the trailers on the property. Ms. Castille testified that she never read the donation documents to her father "[B]ut he knew what was going on."

### Donations Inter Vivos

An inter vivos donation is a contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, called the donee, who accepts it. La. C.C. art. 1468. Pursuant to this article, in order for the donation to be valid, there must be a divestment, accompanied by donative intent. *Schindler v. Biggs*, 06-0649 (La. App. 1 Cir. 06/08/07), 964 So.2d 1049, 1053. La. C.C. art. 1556 provides for circumstances under which a donation inter vivos can be revoked:

> A donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition. A donation may also be dissolved for the nonperformance of other conditions or charges.

La. C.C. art. 1557 provides that revocation on account of ingratitude can only take place if the donee has "attempted to take the life of the donor" or if the donee "has been guilty towards [the donor] of cruel treatment, crimes, or grievous injuries."

This Court observed in *Salassi v. Salassi*, 08-510 (La. App. 5 Cir. 5/12/09), 13 So.3d 670, 673, "there is a considerable paucity of Louisiana cases that have addressed what constitutes 'cruel treatment, crimes, or grievous injuries.'" In *Perry*

*v. Perry*, 507 So.2d 881, 883 (La. App. 4 Cir.1987), *writ denied*, 512 So.2d 465 (La. 1987), the Fourth Circuit Court of Appeal noted that:

> "[i]njuries" include any act naturally offensive to the donor. It may be the adultery of one of the spouses.... The act may consist of slanderous charges; of a seizure levied by the donee against the donor of whom he is creditor; or, in a proper case, even of the refusal to consent to the revocation. (citing 4 C. Aubry & C. Rau, COURS DE DROIT CIVIL FRANCAIS, § 708 (La. State Law Institute Trans. Vol. 3, 1965)) (emphasis added).

***Involuntary dismissal***

La. C.C.P. art. 1672(B) provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

In this case, on March 25, 2019, the trial court granted the involuntary dismissal in favor of Ms. Castille as to the issue of revocation for the alleged mistreatment of Mr. Weiser. The trial court's determination as to whether a donee has committed a grievous injury upon a donor, so as to warrant revocation of a donation on account of ingratitude, is a factual determination, which depends heavily on the facts and circumstances specific to the case. *Watts v. Watts*, 17-0369 (La. App. 1 Cir. 12/29/17), 241 So.3d 330, *writ denied,* 18-0185 (La. 3/23/18), 239 So.3d 294. A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, through Dept. of Trans. and Development*, 92-328 (La. 4/12/93), 617 So.2d 880, 882. When reviewing findings of fact, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the conclusion was a reasonable one. *Adams v. Rhodia, Inc*., 07-2110 (La. 5/21/08), 983 So.2d 798, 806.

In reviewing the record before us, we first note that the petition does not specifically allege acts or incidents where Ms. Castille intentionally or

inadvertently neglected Mr. Weiser's health. Mrs. Weiser's testimony was that she had no direct knowledge of, and did not personally witness any alleged cruel treatment of Mr. Weiser by Ms. Castille while Ms. Castille was taking care of him. Witness Rodney Lyons testified that he never saw Mr. Weiser interact with Ms. Castille, and specifically never observed Ms. Castille while she was caring for Mr. Weiser.

Based on the evidence presented at trial, we find no manifest error in the trial court's finding of fact that Mrs. Weiser had not proven cruel treatment as a basis for annulling the donation, thereby granting an involuntary dismissal of this issue.

### Mistake as a basis for revoking a donation

A review of the petition indicates that Mr. Weiser based his claim of mistake, or error, on several factors, including: disability, Alzheimer's disease, illiteracy, and an incorrect belief that Ms. Castille would not get the rights of income or habitation of the property until after his death. In its reasons for judgment, the trial court stated:

> The law does not provide for revocation of an irrevocable donation inter vivos based on error. La. Civ. Code Ann. art. 1556 sets forth the grounds for revocation: "[a] donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition. A donation may also be dissolved for the nonperformance of other conditions or charges." No legal basis exists for revocation of the irrevocable donations inter vivos at issue herein.

The court went on to conclude that, based on the testimony and exhibits admitted into evidence at trial, "Howard A. Weiser, Sr. knew very well what he was doing when he made the donations to Elizabeth Castille and that there was no error or mistake involved."

After a review of the record before us, we cannot say that the trial court's ruling was manifestly erroneous. First, Mr. Weiser's claims about unknowingly

being deprived of the use and income from the donated property were settled prior to trial when he, himself, accepted the donation of a lifetime usufruct of the property from Ms. Castille. Next, Mrs. Weiser's testimony at trial was that Mr. Weiser did not have Alzheimer's disease and that he could both read and write. Evidence was also introduced that Mr. Weiser was familiar with the process of donating immovable property, and later seeking to annul a donation, having previously done so with Mrs. Weiser.[8]

### Conclusion

Based on the record before us, and on the showing made, we cannot say that the trial court was manifestly erroneous in upholding the inter vivos donation made by Mr. Weiser to Ms. Castille on May 29, 2015. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

**<u>AFFIRMED.</u>**

---

[8] In *Madden v. Crawford*, 52,466 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1170, the Second Circuit affirmed the trial court's ruling that upheld a donation inter vivos, under circumstances where the donor had previously donated property and advised her attorney what she wanted done. *Id*. at 1177.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 17, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-433**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
LENA R. HINTON (APPELLANT)          RONALD W. MORRISON, JR. (APPELLEE)

### MAILED
NO ATTORNEYS WERE MAILED