**SARAH ACKERMAN GILBERTI**

**VERSUS**

**ERIC P. GILBERTI**

\*      **NO. 2024-CA-0308**

\*

\*      **COURT OF APPEAL**

\*

\*      **FOURTH CIRCUIT**

\*

     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-08207, DIVISION "G"
Honorable Veronica E. Henry
\* \* \* \* \* \*
**Judge Tiffany Gautier Chase**
\* \* \* \* \* \*

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)


Christy M. Howley
M. Elizabeth Bowman
Jordan T. Giles
BOWMAN & HOWLEY
629 Lafayette Street
Gretna, Louisiana
70053

      COUNSEL FOR PLAINTIFF/APPELLANT


Stephanie A. Fratello-Adams
ATTORNEY AT LAW
3017 21st Street
Suite 211
Metairie, Louisiana
70002


      COUNSEL FOR DEFENDANT/APPELLEE

                                    **AFFIRMED**
                           **NOVEMBER 25, 2024**

Plaintiff/Appellant, Sarah Ackerman Gilberti (hereinafter "Ms. Ackerman") seeks review of the trial court's January 4, 2024 judgment denying her petition for revocation of a donation. After consideration of the record before this Court and applicable law, we affirm the trial court's judgment.

## **Relevant Facts and Procedural History**

Ms. Ackerman and Defendant/Appellee, Eric Gilberti (hereinafter "Mr. Gilberti"), were married on May 27, 2007. During the marriage, Ms. Ackerman donated to Mr. Gilberti, by act of donation, an undivided one-half interest in her separate property that was later used as the couple's matrimonial domicile (hereinafter "the 2008 donation").

Ms. Ackerman filed a petition for divorce, pursuant to La. C.C. art. 103(2), on August 7, 2019.[1] The petition for divorce alleges that Ms. Ackerman and Mr. Gilberti began living separate and apart on May 10, 2019 due to Mr. Gilberti's

---

[1] La. C.C. art. 103(2) provides,

Except in the case of a covenant marriage, a divorce shall be granted on the petition of a spouse upon proof that:

(2) The other spouse has committed adultery.

1

"suspected drug use" and "adulterous relationship" during the marriage. According to the petition, Mr. Gilberti began exhibiting signs of drug use when he threatened her, hacked into her e-mail account and changed the locks on the matrimonial domicile.[2] The parties were granted a judgment of divorce on August 20, 2020.[3]

On August 19, 2020, Ms. Ackerman filed a "Petition for Revocation of Donation." The petition for revocation alleged that Mr. Gilberti committed acts of ingratitude sufficient to revoke the 2008 donation pursuant to La. C.C arts. 1556 and 1557.[4] Specifically, Ms. Ackerman maintained that Mr. Gilberti committed grievous injury by committing adultery during the marriage, habitually using drugs, verbally abusing her through texts and in person, threatening bodily harm, misusing community funds, stealing her separate property and using her separate property without consent. She further alleged that Mr. Gilberti wrongly entered the matrimonial domicile and stole her Rolex watch, designer bags and paintings. In response, Mr. Gilberti filed exceptions of prescription, no cause of action and no right of action. Mr. Gilberti's exception of prescription specifically pled that Ms. Ackerman's claims of ingratitude based on adultery, habitual drug use, verbal abuse and threats of bodily harm were prescribed.[5]

---

[2] On August 23, 2019, Ms. Ackerman filed a protective order, which reiterated the allegations pled in the petition for divorce. Ms. Ackerman alleged that Mr. Gilberti began to display erratic behavior after their separation in May 2019 by threatening bodily harm, stalking her, destroying home security cameras and taking her mail. The protective order was dissolved after the parties entered into a mutual civil injunction.

[3] The parties were granted a judgment of divorce after living separate and apart for one year pursuant to La. C.C. art. 103(1).

[4] La. C.C. arts. 1556 and 1557 provide that a donation may be revoked on account of acts of ingratitude such as cruel treatment, crimes or grievous injuries.

[5] After initially denying all of Mr. Gilberti's exceptions, the trial court permitted Mr. Gilberti to re-urge his exception of prescription at the trial on the petition for revocation.

A bench trial on the petition for revocation was held over a two-day period. After taking the matter under advisement, the trial court issued a judgment granting Mr. Gilberti's exception of prescription in part and dismissed Ms. Ackerman's petition for revocation with prejudice. This appeal followed.

## Standard of Review

"This Court's standard of review of a trial court's ruling on an exception of prescription is contingent upon whether evidence is introduced at the hearing on the exception." *Hosp. Mgmt. Servs., LLC v. Axis Surplus Ins. Co.*, 2024-0137, p. 3 (La.App. 4 Cir. 9/16/24), __So.3d__, 2024 WL 4198161 *2 (citation omitted). If evidence is introduced at trial – as in the case here – a trial court's finding of fact on the issue of prescription is reviewed under the manifest error/clearly wrong standard. *See id.,* 2024-0137, p. 4. __So.3d__, 2024 WL 4198161 *2 (citations omitted). Likewise, "[a] trial court's determination as to whether a donee has committed a 'grievous injury' upon a donor is a factual determination which depends heavily on the facts and circumstances specific to the case." *Petrie v. Michetti*, 2010-122, p. 17 (La.App. 5 Cir. 1/11/11), 59 So.3d 430, 440 (citation omitted). "A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong." *Sewell v. Sewerage & Water Bd. of New Orleans*, 2019-0268, p. 4 (La.App. 4 Cir. 1/20/21), 313 So.3d 333, 339 (citation omitted).

## Discussion

Ms. Ackerman asserts various assignments of error on appeal collectively challenging the trial court's judgment denying her petition for revocation. She contends the trial court erred in granting Mr. Gilberti's exception of prescription

3

and that Mr. Gilberti's actions were sufficient to revoke the 2008 donation under La. C.C. arts. 1556 and 1557.

A party asserting an exception of prescription generally bears the burden of proof. *Hosp. Mgmt. Servs., LLC*, 2024-0137, p. 4, __So.3d__, 2024 WL 4198161 *2 (citation omitted). "However, when the plaintiff's claim is prescribed on its face…the burden shifts to the plaintiff to establish that his or her claim has not prescribed." *Id*. (internal quotation omitted) (citation omitted). "An action of revocation for ingratitude shall be brought within one year from the day the donor knew or should have known of the act of ingratitude." La. C.C. art. 1558.

The same codal articles that govern a donation *inter vivos* govern donations made by spouses. *See Larocca v. Larrocca*, 597 So.2d 1000, 1004, n.11 (La. 1992). A donation *inter vivos* is defined as a contract by which a person gratuitously divests himself, at present and irrevocably, of a thing given in favor of another who accepts it. La. C.C. art. 1468. "A donation *inter vivos* may be revoked because of the ingratitude of the donee." La. C.C. art. 1556. Revocation on account of ingratitude takes place when (1) the donee has attempted to take the life of the donor or (2) has been found guilty of cruel treatment, crimes, or grievous injury towards the donor. La. C.C. art. 1557. Grievous injuries may include acts that are naturally offensive to the donor and may include adultery of one of the spouses. *See Perry v. Perry*, 507 So.2d 881, 883 (La.App. 4th Cir. 1987) (citations omitted). "The act may consist of slanderous charges [or] of a seizure levied by the donee against the donor of whom he is creditor... ." *Id*. (citation omitted).

### *Exception of Prescription*

As a threshold matter, we first address the portion of the trial court's judgment granting Mr. Gilberti's exception of prescription. The exception alleges

that Ms. Ackerman's claims of ingratitude based on adultery, drug use, verbal abuse and threats of bodily harm, have prescribed. He contends that Ms. Ackerman knew of the alleged acts more than one year prior to filing her petition for revocation.

**Adultery, Drug Use, Verbal Abuse and Threats of Bodily Harm**

Ms. Ackerman's petition for revocation maintains that Mr. Gilberti is guilty of grievous injury and cruel treatment based on the following acts: committing adultery, habitually using drugs, verbally abusing her and threatening bodily harm.

At trial, Ms. Ackerman stated that she filed for divorce because Mr. Gilberti was involved in a relationship with another woman. Ms. Ackerman's petition for divorce alleges that Mr. Gilberti was in a relationship prior to moving out of the matrimonial domicile on May 10, 2019. In support of her allegation, Ms. Ackerman submitted text messages, dated August 5, 2019 and August 6, 2019, in which she accuses Mr. Gilberti of being involved with another woman during the marriage. Ms. Ackerman also acknowledged that many of her friends informed her that Mr. Gilberti was having an affair prior to filing her petition for divorce, on August 7, 2019, but she ignored their warnings.

Ms. Ackerman also maintains Mr. Gilberti caused her grievous injury because he habitually used drugs. Ms. Ackerman asserted that Mr. Gilberti began to act erratically and exhibited signs of drug use when he learned she was going to file for divorce. Ms. Ackerman believed Mr. Gilberti was using drugs when he hacked into her email account, changed the locks of the matrimonial domicile and threatened to show up to the matrimonial domicile unannounced. The protective order asserts that Mr. Gilberti "started using drugs again" in April 2019. Ms. Ackerman submitted Mr. Gilberti's positive drug test, dated September 19, 2019,

5

which she maintains confirmed her belief that Mr. Gilberti's erratic behavior was a result of his drug use. A friend of Ms. Ackerman testified at trial stating that she informed Ms. Ackerman, prior to 2019, that Mr. Gilberti offered her cocaine and the two often smoked marijuana together on the back porch of the matrimonial domicile while Ms. Ackerman was upstairs sleeping. The friend further testified that after she informed Ms. Ackerman of Mr. Gilberti's drug use, Ms. Ackerman ignored her warnings and did not speak to her for two years.

Regarding the allegations of verbal abuse and threats of bodily harm, Ms. Ackerman testified that Mr. Gilberti texted her stating he wished she would "die already." Mr. Gilberti sent Ms. Ackerman texts calling her a horrible wife and describing their marriage as a waste. She testified that one week before filing the protective order, Mr. Gilberti threatened bodily harm against her stating that he was going to "crack her skull." In support of these allegations, Ms. Ackerman again referenced the August 5, 2019 and August 6, 2019 text messages. Ms. Ackerman's protective order also indicates that Mr. Gilberti made threats of bodily harm, harassed her, stalked her and threatened to break into the matrimonial domicile shortly after the parties separated in May 2019.

Ms. Ackerman's testimony acknowledges that she was aware of Mr. Gilberti's acts of adultery, drug use, verbal abuse and threats of bodily harm more than one year before she filed the petition for revocation on August 19, 2020. The alleged acts of ingratitude, which form the basis of her petition, all occurred before August 19, 2019. *See* La. C.C. art. 1558. Specifically, the acts of ingratitude occurred in April 2019, May 2019, and August 5, 2019. We therefore find the acts of ingratitude regarding adultery, habitual drug use, verbal abuse and threats of bodily harm occurred more than one year before Ms. Ackerman filed her petition

6

for revocation. Accordingly, the trial court did not err in granting Mr. Gilberti's exception of prescription.

***Petition for Revocation***

We now address Ms. Ackerman's remaining claims alleging Mr. Gilberti committed acts of ingratitude sufficient to revoke the 2008 donation. Specifically, Ms. Ackerman maintains that Mr. Gilberti caused grievous injury when he improperly used community funds, used her separate property and stole her belongings.

Ms. Ackerman submitted various exhibits and elicited testimony at trial. She testified that after she filed for divorce, but before a judgment of divorce was granted, Mr. Gilberti attempted to steal rent from her separate property by texting the tenants that she was in trouble with the Internal Revenue Service. The collective testimony from trial indicates that Mr. Gilberti often collected rent from Ms. Ackerman's tenants, while they were married and that rent was deposited into a joint bank account. There is no evidence to suggest that Mr. Gilberti was successful in collecting rent from the tenants post separation; rather, Ms. Ackerman only testified that Mr. Gilberti texted the tenants attempting to collect the rent. Ms. Ackerman failed to submit any evidence that Mr. Gilberti actually received the money.

Ms. Ackerman also noted that Mr. Gilberti moved into her separate property, without her permission, forcing her to evict him. She further testified that Mr. Gilberti broke into the former matrimonial domicile to steal paintings, her Rolex watch and designer bags. To support these assertions, Ms. Ackerman submitted photos of home videos at trial. The photos show Mr. Gilberti on the front porch, retrieving items, including a large painting, from the couple's former matrimonial

7

domicile. While she admitted that she informed Mr. Gilberti to retrieve his personal items from the front porch on more than one occasion the photos submitted were not one of those occasions. Ms. Ackerman also testified that she previously informed Mr. Gilberti to sell her Rolex watch and designer bags to assist with mortgage payments.[6] After carefully considering the testimony and evidence, the trial court determined Ms. Ackerman failed to submit sufficient evidence. We agree.

There is limited jurisprudence defining ingratitude, nonetheless; the terms commonly referred to which describe ingratitude are "cruel treatment, crimes, or grievous injury." This Court has observed:

> "[i]njuries" include any act naturally offensive to the donor. It may be the adultery of one of the spouses.... The act may consist of slanderous charges [or] of a seizure levied by the donee against the donor of whom he is creditor… .

*Perry*, 507 So.2d at 83 (citation omitted) (emphasis omitted); La C.C. art 1557 (comment b). Further, "an act of the donee that is offensive to the donor is not to be considered a ground for revocation of a donation unless the offense is serious." La. C.C. art. 1557 (comment c). Although Ms. Ackerman maintains Mr. Gilberti committed crimes and grievous injury, the record supports the trial court's finding that Ms. Ackerman failed to submit sufficient evidence to prove that Mr. Gilberti's actions rise to the level of cruel treatment, crimes or grievous injury sufficient to revoke a donation. Mr. Gilberti's actions may be disrespectful and crude, but we cannot say the trial court's decision was manifestly erroneous. *1026 Conti Condominiums, LLC v. 1025 Bienville, LLC*, 2019-0826, p. 5 (La.App. 4 Cir.

---

[6] Ms. Ackerman submitted texts messages with photos of her Rolex watch on another woman's wrist to support her allegation that Mr. Gilberti stole her watch. During cross-examination, Ms. Ackerman was asked to identify the watch in the photos and waivered in her answer numerous times. She ultimately could not identify the watch in the photos as her own.

8/5/20), 364 So.3d 297, 301 (noting "[t]o reverse under the manifest error rule, an appellate court must find from the record that there is no reasonable basis for the trial court's finding and that the record shows the finding to be manifestly erroneous.") (citations omitted). Accordingly, we find the trial court did not err in denying Ms. Ackerman's petition for revocation.

## Conclusion

The record indicates that Ms. Ackerman was aware of Mr. Gilberti's alleged acts of adultery, drug use, verbal abuse and threats of bodily harm more than one year before she filed her petition for revocation in August 2020. While cognizant of the fact that the divorce proceedings have been extremely contentious, the record before us supports the trial court's conclusion that Ms. Ackerman failed to submit sufficient evidence to meet her burden of proof to show Mr. Gilberti committed acts of ingratitude sufficient to revoke the 2008 donation. This Court "may not set aside a trial court's findings of fact unless they are manifestly erroneous or clearly wrong." *1026 Conti Condominiums*, 2019-0826, p. 5, 364 So.3d at 301 (citing *Rosell v. ESCO*, 549 So.2d 840 (La. 1989)). We therefore find the trial court did not err in denying Ms. Ackerman's petition for revocation.

## Decree

Based on the foregoing, we affirm the trial court's judgment granting Mr. Gilberti's exception of prescription and dismissing the petition for revocation.

**AFFIRMED**

9