768 So.2d 739 (2000)
Leroy SANDERS and Mary Alice Youngblood Sanders, Plaintiffs-Appellants,
v.
Ronny Jene SANDERS and Rhonda Sanders, Defendants-Appellees.
No. 33,865-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2000.
*740 Campbell, Campbell & Marvin by J. Schuyler Marvin, Minden, Counsel for Appellants.
Kitchens, Benton, Kitchens & Warren by Graydon K. Kitchens, Jr., Minden, Counsel for Appellees.
Before NORRIS, C.J., and GASKINS and PEATROSS, JJ.
NORRIS, Chief Judge.
The plaintiffs, Leroy and Mary Alice Sanders, appeal a summary judgment which dismissed their suit to revoke a donation made to their son, Ronny Jene Sanders. For the reasons expressed, we reverse and remand.

Factual and procedural background
In July 1997, the plaintiffs donated a 26-acre tract of land in Webster Parish to their son, Ronny. The act of donation recited that Ronny was married but did not list his wife, Rhonda Sanders, as a donee. Less than three months later, on October 1, 1997, the plaintiffs filed the instant suit against both Ronny and Rhonda to annul the donation on account of ingratitude. The plaintiffs alleged:
A. Defendants, Ronny Jene Sanders and Rhonda Sanders, slandered petitioners by writing a letter which contains numerous false statements that were printed for no other reason than to intentionally embarrass and inflict emotional distress upon petitioners. A copy of said letter was given to petitioners on September 13, 1997, while petitioner, Leroy Sanders, was recovering from very difficult gall bladder surgery in which complications had developed.
B. Both petitioners are elderly. In said letter defendants accused petitioner, Leroy Sanders, among other things, of dishonesty.
C. Defendants, Ronny Jene Sanders and Rhonda Sanders, have caused petitioners to suffer heartache, embarrassment and emotional distress on numerous occasions. On one such occasion petitioner, Mary Alice Youngblood Sanders, made an appointment to see her doctor due to her being unable to eat or sleep because of the escalating harrassment *741 [sic] of defendants toward petitioners. Before petitioner, Mary Alice Youngblood Sanders, arrived at the doctor's office, defendant, Rhonda Sanders, had called said doctor's office and informed them that petitioner, Mary Alice Youngblood Sanders' mind was unbalanced. This action by defendant, Rhonda Sanders, can be documented by telephone message of said defendant being taken by employee [sic] of the doctor's office and now in possession of said doctor's office.
After the defendants made a general denial, the plaintiffs filed a first amending and supplemental petition, reiterating that "acts of defendant, Ronny Jene Sanders, constituted ingratitude sufficient to nullify the donation." The amended petition also urged that the donation should be revoked because Ronny failed to honor a condition attached to the donation[1] and demanded trial by jury.[2] The parties subsequently filed a joint motion to dismiss Rhonda Sanders as a defendant; the plaintiffs reserved their rights against Ronny.
Ronny filed the instant motion for summary judgment in August 1999. By affidavit, Ronny denied writing the note or letter referred to in the original petition, delivering it to either of the plaintiffs, or authorizing anyone else to do so; he also denied accusing either of the plaintiffs of dishonesty, causing them any heartache, embarrassment or emotional distress that would amount to ingratitude, or contacting Mrs. Sanders's doctor's office. Ronny also denied that he had committed any of the other grounds for revocation.[3] In further support of his motion, Ronny attached portions of the plaintiffs' depositions; these tended to show that the plaintiffs were accusing Ronny only of cruel treatment, not of crimes or other grounds for revocation.
In memorandum, Ronny argued that the plaintiffs had made mostly general allegations of heartache, embarrassment and emotional distress. Of the two specific instances cited, Ronny had flatly denied writing or authorizing the letter, and only Rhonda was involved in the call to the doctor's office.
The plaintiffs filed an opposition to summary judgment, urging that the various allegations of ingratitude could only be decided by the jury. In support, they attached Leroy Sanders's affidavit, enumerating the following acts:
A. Ronny Jene Sanders told appearer that he hoped appearer's wife would die and also stated that he wished appearer would also die and called appearer a son of a bitch.
B. Rony Jene Sanders was supposed to transport Mary Alice Sanders home from the hospital in Shreveport where she had been sitting with appearer after appearer had undergone surgery. Ronny Jene Sanders left the hospital and did not return to pick up Mrs. Sanders stranding her at the hospital.
C. Ronny Jene Sanders borrowed the sum of $2,000.00 from appearer and his wife and when asked about repaying the money, he stated he didn't owe it and refused to repay it.
D. Ronny Jene Sanders has told his parents they were not his parents and he never wanted to see them again.
E. Ronny Jene Sanders jerked a telephone that he had given his parents *742 for Christmas off of appear's [sic] wall and then took the phone.
F. Ronny Jene Sanders took back a silver plated coffee service that he had given his parents for Christmas.
G. Ronny Jene Sanders had a water well located on the subject property filled with dirt when he moved his residence.
The affidavit also stated that Ronny testified under oath at trial in Minden City Court that he knew his parents had an oral agreement with the Youngs, but he evicted them anyway.
After the matter was submitted, Ronny filed a reply brief urging that none of the allegations in his father's affidavit would be admissible at trial because they had not been raised by any pleading. Ronny further urged that his father's affidavit did not preclude summary judgment because it failed to show when any of the alleged acts occurred; only those acts occurring before suit was filed would be admissible to prove ingratitude.
The District Court rendered a written opinion with the following findings:
(1) If there was any material issue of cruel treatment it was committed by the wife of the defendant Ronny Jene Sanders, namely Rhonda Sanders. She was been dismissed by prejudice [sic] since she was never a donee of the property.
(2) The donee, Ronny Jene Sanders, never committed anything or is it alleged he committed anything under the terms of Civil Code Article 1560 which could give rise to a revocation under this Article.
(3) Other allegations made by plaintiff in his affidavit would not be admissible in evidence because no date is shown (it could have taken place after the petition was filed) and these were not pled in the original petition or in the amended petition.
(4) The condition of the occupancy of the Youngs, which is pled in plaintiffs' supplemental petition, is not shown in the donation instrument * * *. Any parole [sic] agreement would be inadmissible.
The District Court rendered summary judgment on November 3, 1999, dismissing the plaintiffs' claims at their costs.

Discussion
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Jones v. Airport Systems Intern., 28,278 (La.App. 2 Cir. 4/3/96), 671 So.2d 1176, and citations therein. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action in which it is allowed; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
The burden of proof rests with the party moving for summary judgment. La. C.C.P. art. 966 C(2). Recent amendments to art. 966 have leveled the field between the litigants: the supporting documentation submitted by the parties should be scrutinized equally and the overriding presumption in favor of trial on the merits has been removed. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226, at 231, and citations therein; Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied 97-0281 (La.3/13/97), 690 So.2d 41. Nevertheless, summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
Appellate review of summary judgments is de novo, utilizing the same criteria that guide the trial court. Independent Fire Ins. Co., supra; Fuggins v. Burger King, 33,473 (La.App. 2 Cir. 5/10/00), 760 So.2d 605.
*743 The District Court's initial finding, concerning acts allegedly committed by a non-party, Rhonda Sanders, is supported by the evidence. These acts are not shown to be material to Ronny's alleged ingratitude.
We are constrained to find, however, that the court's second and third numbered findings are erroneous. In support of summary judgment, Ronny urged, and the court found, that the allegations in Leroy Sanders's affidavit were inadmissible because they had not been pled in either the original or amended petition, and that even if those allegations were true they failed to establish a time frame. Ronny's first contention is plainly without merit. The plaintiffs' amended petition clearly alleged that Ronny's acts constituted "ingratitude sufficient to nullify the donation." The claims that Ronny denied Leroy was his father and told him he wished he and Mary Alice would dieif provedwould certainly be evidence of ingratitude. Cf. Succession of McDonald, 154 La. 1, 97 So. 262 (1923). In that Leroy alleges these acts occurred, and Ronny denies it, the summary judgment evidence does not exclude every genuine issue of material fact. Moreover, even if the issue had not been sufficiently pleaded, the appropriate remedy would be to grant the plaintiffs leave to amend their petition, not grant a summary judgment dismissing their claims. Self v. Walker Oldsmobile Co., 614 So.2d 1371 (La.App. 3 Cir.1993); Castner v. First Nat'l Bank of Anchorage, 278 F.2d 376 (9 Cir.1960).
Leroy's failure to establish a time frame for Ronny's alleged acts of ingratitude likewise does not exclude every genuine issue of material fact. In essence, the plaintiffs alleged that Ronny committed certain acts, and submitted Leroy's affidavit setting forth the particulars of those acts; Ronny, by answer, affidavit and memorandum denied these allegations, or argued that if any such acts occurred, they were after the plaintiffs filed the instant suit. This is a simple factual dispute which removes the case from the ambit of summary judgment, even with the new favored status for the procedure. See, e.g., Ebarb v. Guinn Bros. Inc., 31,426 (La.App. 2 Cir. 1/20/99), 728 So.2d 487; Harris v. Godwin, 28,245 (La.App. 2 Cir. 4/8/96), 671 So.2d 1278.
Because genuine issues of material fact remain, the summary judgment was inappropriate. The judgment will be reversed and the case remanded for further proceedings. In light of this conclusion, we decline to address the issues concerning conditions allegedly attached to the donation.

Conclusion
For the reasons expressed, the summary judgment is REVERSED and the case is REMANDED to the District Court for further proceedings consistent with this opinion. Costs are assessed to the appellee, Ronny Jene Sanders.
REVERSED AND REMANDED.
NOTES
[1] The condition was that Ronny would allow the tenants of the property, a Mr. and Mrs. Young, to remain on the premises as lessees for 20 years. The plaintiffs alleged that Ronny had evicted the Youngs.
[2] The District Court dissolved its preliminary order granting a jury trial, but on writ application this court reinstated it.
[3] Art. 1560. Revocation for ingratitude

Revocation on account of ingratitude can take place only in the three following cases:
1. If the donee has attempted to take the life of the donor;
2. If he has been guilty towards him of cruel treatment, crimes or grievous injuries;
3. If he has refused him food, when in distress.