STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0291

AFIF A. CHOUMAR

VERSUS

ALI E. CHOUMAR

Judgment Rendered: ___DEC 2 0 2024___

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 681353

Honorable Kelly Balfour, Judge Presiding

* * * * *

Jeffrey S. Wittenbrink
Baton Rouge, LA

Attorney for Plaintiff-Appellant,
Afif A. Choumar


Roy H. Maughan, Jr.
Namisha D. Patel
Joshua D. Roy
Baton Rouge, LA

Attorneys for Defendant-Appellee,
Ali E. Choumar

* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Chutz, J. concurs

**HESTER, J.**

In this suit seeking to revoke inter vivos donations for ingratitude, plaintiff appeals from a judgment sustaining defendant's peremptory exceptions of prescription and no cause of action and dismissing plaintiff's suit in its entirety with prejudice. For the following reasons, we reverse in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

On March 28, 2019, Afif A. Choumar filed a "Petition for Revocation of Donation" seeking to revoke a donation that he made to his brother, Ali E. Choumar, of a residential property located at 11153 Goodwood Boulevard by an act of donation executed on June 29, 2010. ("the Goodwood donation") Afif filed an "Amended Petition for Revocation of Donation" on December 4, 2019, striking several paragraphs from his original petition.[1] In the amended petition, Afif sought to revoke the Goodwood donation for ingratitude based on Ali's cruel treatment of him, their brother Mohammad, and Afif's family in accordance with Louisiana Civil Code Articles 1556-1557. Afif alleged that he donated the Goodwood home to Ali to increase Ali's worth and for Ali's use as collateral, while at the same time providing their brother, Mohammad, a place to live. Afif contended that Mohammad lived exclusively in the home without paying rent for approximately ten years, and after Mohammad was diagnosed with cancer, Ali evicted Mohammad on March 14, 2019, "throwing Mohammad's life's possessions into the street." Further, Afif alleged that Ali wished him dead not only to Afif but also to his wife and accountant, and Ali made slanderous charges against him, his wife, and his family.

On May 4, 2020, Afif filed a "Second Amended Petition for Revocation of Donation," adding allegations that Ali made slanderous charges against Afif and his wife and family when his wife entered a Subway store during a Mardi Gras parade;

---

[1] In the original petition, Afif sought revocation of the donation for non-fulfillment of a suspensive condition and unjust enrichment. In the amended petition, Afif struck the paragraphs containing those claims.

Ali obtained a restraining order against Afif's wife; and Ali cursed his ill brother, Mohammad, during a public proceeding in court. In response, Ali filed an exception of no cause of action, which according to the minutes, the trial court denied on August 31, 2020.[2]

On April 14, 2023, Afif filed a "Third Supplemental and Amending Petition" alleging that "new causes of action for ingratitude have arisen since the original petition in this matter has been filed" including falsehoods and misrepresentations made by Ali against Afif in an August 22, 2022 deposition. Afif alleged that Ali made false statements regarding the capital used to purchase the Siegen Lane Subway, the origin of the donation of the Goodwood house, and "numerous other false statements constituting further acts of ingratitude causing grievous injury to [Afif]." Afif contended that the statements Ali made during the deposition as well as the allegations contained in his previous petitions were sufficient acts of ingratitude such that Afif desired to revoke all donations he made to Ali, including:

1. Donation of thirty-three thousand ($33,000.00) dollars for the purchase of Ali's first home, located at 5747 Decatur Street in Baton Rouge, Louisiana;

2. Donation of fifty thousand ($50,000.00) dollars for the purchase of Ali's home on Culp's Bluff;

3. Donation of the Subway franchise on Siegen Lane;

4. Donation of the Subway franchise on North Boulevard in Baton Rouge;

5. Any and all other donations or previous forgiveness of money or funds that were given during the course of Ali's residence in Louisiana that may be proven on the trial of this matter.

In his third amended petition, Afif added Rola Abdul Sater, Ali's wife, as a defendant, alleging that the "sales" of the Subway franchises between Afif and Rola were actually disguised donations, all for the benefit of Ali because Ali could not qualify for a Subway franchise.

---

[2] There was no judgment in the record reflecting this ruling.

3

Thereafter, Ali filed an "Exception of Prescription, No Cause of Action and Vagueness" on July 11, 2023. Ali's exception of vagueness was maintained, and Afif was given an opportunity to amend his pleadings. On September 12, 2023, Afif filed a "Fourth Supplemental and Amending Petition," copying in extenso all allegations in the original, first, second, and third amending petitions. In addition to the previously alleged acts, Afif alleged Ali spit on him in court on the day of the eviction hearing, called him names, called Mohammad names, called his wife and daughters whores, and told Afif that he wished him dead. Although Afif does not provide a date for the eviction hearing, exhibit B, attached to the original petition, shows that the hearing occurred on March 29, 2019. Afif further gave more specific allegations of the statements made by Ali in the August 2022 deposition that he contends were falsehoods and misrepresentations that constituted cruel treatment and caused grievous injury. Afif contends that he helped Ali in many ways, and Ali's "lies about the various transactions constitute a great and grievous offense against him." Afif further alleged that on May 1, 2023, Ali had the AT&T phone service at Afif's Main Street Subway disconnected without warning, causing business interruption and embarrassment to Afif.

In response to Afif's fourth petition, Ali and Rola filed an "Exception of Prescription and No Cause of Action." Ali's exceptions came before the trial court for a hearing on November 13, 2023, and the trial court granted Ali's exceptions as prayed for. On December 1, 2023, the trial court signed a judgment in conformance with its ruling as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that the Exception of No Cause of Action filed by Rola Abdul Sater is GRANTED. Any and all claims asserted by Afif A. Choumar against Rola Abdul Sater in these proceedings are hereby dismissed with prejudice.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Exception of Prescription filed by Ali E. Choumar is GRANTED. Any and all claims asserted by Afif A. Choumar against Ali E.

4

Choumar in these proceedings as it relates to the "2019 Acts" in connection with the (1) donation of $33,000.00; (2) donation of $50,000.00; (3) alleged donation of the Subway franchises on Siegen Lane and North Blvd.; and (4) any and all donations or previous forgiveness of money or funds that were given by Afif A. Choumar to Ali E. Choumar during the course of Ali E. Choumar's residence in Louisiana are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Exception of No Cause of Action filed by Ali E. Choumar is GRANTED. Any and all claims asserted by Afif A. Choumar against Ali E. Choumar in these proceedings as it relates to the "2022 Acts" in connection with the (1) donation of, $33,000.00; (2) donation of, $50,000.00; (3) alleged donation of the Subway franchises on Siegen Lane and North Blvd.; and (4) any and all donations or previous forgiveness of money or funds that were given by Afif A. Choumar to Ali E. Choumar during the course of Ali E. Choumar's residence in Louisiana are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this matter is dismissed with prejudice, in its entirety.

It is from this judgment that Afif appeals, contending that the trial court erred in dismissing the entire case with prejudice where a previous judgment ruled that Afif stated a cause of action; in dismissing the case against Rola where Afif alleged that the "sale" to Rola was a disguised donation to Ali; in ruling that Afif's claims had prescribed; and in dismissing Afif's claims for failure to state a cause of action. We considered Afif's assignments of error out of order as the resolution of his third and fourth assignments of error affects the remaining assignments of error.

## LAW AND ANALYSIS

### Prescription

In his third assignment of error, Afif contends that the trial court erred in finding that certain claims had prescribed where the claims for relief were not new causes of action but only additional relief to which Afif was entitled due to his causes of action for revocation. In the judgment, the trial court held that Afif's claims to revoke the following donations based on the "2019 Acts" were prescribed: the donation of $33,000.00, the donation of $50,000.00, the donation of the Subway franchises on Siegen Lane and North Blvd., and any and all donations or previous

5

forgiveness of money or funds given by Afif during the course of Ali's residence in Louisiana. A donation inter vivos may be revoked because of ingratitude of the donee. La. Civ. Code art. 1556. Louisiana Civil Code article 1558 provides, in pertinent part, that "[a]n action of revocation for ingratitude shall be brought within one year from the day the donor knew or should have known of the act of ingratitude." Afif sought revocation of the listed donations for the first time in his third supplemental and amended petition filed on April 14, 2023. This was more than one year after Afif knew about the alleged acts of ingratitude listed in the original petition filed on March 28, 2019, the amended petition filed on December 4, 2019, and the second amended petition filed on May 4, 2020.

In support of his position that once the grounds for revocation have been given, the donor may revoke all donations, Afif cites to the Fourth Circuit case, **Perry v. Perry**, 507 So.2d 881 (La. App. 4th Cir.), writ denied, 512 So.2d 465 (La. 1987), where, in a single petition, parents sought revocation of various donations they made to their son for ingratitude, including donations of money, cars, trips, tuition for him and his children, and stock. As noted, the starting date for the running of prescription is the date the donor knew or should have known of the acts of ingratitude, not the date of the donation. **Perry** is not applicable to this issue because prescription was not raised as an issue therein.

The issue in this case is not that Afif is seeking to revoke multiple donations, but whether he timely sought revocation of those donations. Herein, in his third supplemental and amended petition, Afif sought to revoke donations based on alleged acts of ingratitude that occurred and he knew about for more than a year before his action to have the donations revoked. We found no authority to support Ali's argument that adding new donations to be revoked were additional claims for relief under his cause of action for revocation and not new causes of action. Therefore, Afif's claims for revocation of the listed donations in the third amended

6

petition filed in 2023 have prescribed as to the alleged acts of ingratitude listed in the petition, amended petition, and second amended petition filed in 2019 and 2020, since Afif knew of the alleged acts of ingratitude for more than a year before Afif's action to have the donations revoked. See **Noel v. Noel**, 2015-37 (La. App. 3rd Cir. 5/27/15), 165 So.3d 401, 416, writ denied, 2015-1121 (La. 9/18/15), 178 So.3d 147 (where there were twelve allegations of ingratitude and the appellate court affirmed the judgment dismissing the request to rescind donations for ingratitude based on prescription as to all allegations of ingratitude except for two allegations that occurred less than a year before the donor filed suit.)

In light of this ruling, Afif must rely on the new causes of action for ingratitude listed in his third and fourth amended petition to revoke the donations of $33,000.00, $50,000.00, Subway franchises, and all donations or previous forgiveness of money or funds given by Afif during the course of Ali's residence in Louisiana.

**No Cause of Action**

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. The burden of demonstrating that the petition states no cause of action is upon the mover. Peremptory exceptions raising the objection of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. The court reviews the petition and accepts well-pleaded allegations of fact as true. **Reyer v. Milton Homes, LLC**, 2018-0580 (La. App. 1st Cir. 2/25/19), 272 So.3d 604, 607. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. Code Civ. P. art. 931; **Reyer**, 272 So.3d at 607.

An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. If the petition states a cause of action on any

7

ground or portion of the demand, the exception should generally be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. **Badeaux v. Southwest Computer Bureau, Inc.**, 2005-0612 (La. 3/17/06), 929 So.2d 1211, 1217.

A donation inter vivos is an act by which the donor gratuitously divests himself, at present and irrevocably, of the thing given in favor of the donee who accepts it. La. Civ. Code art. 1468; **Melancon v. Garon**, 2014-1532 (La. App. 1st Cir. 4/24/15), 2015 WL 1882732, at *3 (unpublished). Louisiana Civil Code article 1556 provides, in pertinent part, that "[a] donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition." A revocation of a donation inter vivos "may take place ... [i]f [the donee] has been guilty towards [the donor] of cruel treatment, crimes, or grievous injuries." La. Civ. Code art. 1557. Grievous injuries sufficient to revoke a donation have been defined as any act naturally offensive to the donor. **Melancon**, 2015 WL 1882732, at *3.

The jurisprudence has held that grievous injury or cruel treatment sufficient to revoke a donation may include adultery by a spouse, seizing property belonging to a parent, filing suit against a parent alleging criminal activity, stating the wish that the donor would die, and attempting to evict the usufructuary from the property. See La. Civ. Code art. 1557, comments-2008, comment (c); see also **Melancon**, 2015 WL 1882732, at *3; **Porter v. Porter**, 36,007 (La. App. 2d Cir. 6/12/02), 821 So.2d 663, 667-68.

To state a revocation cause of action under La. Civ. Code art. 1557(2), a donor must allege that the donee has been guilty towards the donor of cruel treatment, crimes, or grievous injury. Upon our *de novo* review of an exception of no cause of action, we are required to give Afif's allegations every reasonable interpretation in

favor of maintaining the sufficiency of his petition and affording him the opportunity to present evidence at trial. **Agrifund, LLC v. Radar Ridge Planting Co., Inc.,** 2019-1528 (La. 11/25/19), 283 So.3d 492 (per curiam).

In the judgment, the trial court determined that Afif failed to state a cause of action for the following donations based on the "2022 Acts": the donation of $33,000.00, the donation of $50,000.00, the donation of the Subway franchises on Siegen Lane and North Blvd., and any and all donations or previous forgiveness of money or funds given by Afif during the course of Ali's residence in Louisiana. The "2022 Acts" included statements made by Ali in an August 2022 deposition and Ali disconnecting Afif's restaurant's phone service in May 2023. Specifically, in the fourth amended petition, Afif alleges that Ali told great and grievous lies and falsehoods under oath about Afif and such constituted cruel treatment and caused grievous injury. In the fourth amended petition, Afif laid out "[s]aid lies and representations" from the deposition as follows:

> Q: And did Afif help you out at all, during the time, in coming here, or during the time that you were here?
>
> A: No. Never.
>
> Ali misrepresented the help that Afif gave him when he came to the U.S. as a poor student, as if he had paid his own way, when in truth and in fact he was assisted by Afif who had made money already and helped his brother the entire time until Ali got "on his feet." …
>
> Ali insisted that he gave Afif cash for the downpayment (sic) on his first house on Decatur [s]treet. Ali knows and has confessed to third parties that Afif put up the money for that down payment in the amount of approximately $33,000.00. …
>
> Ali denied knowing that Afif had given him the downpayment (sic) for his second home, located on Culps Bluff in Shenandoah subdivision in Baton Rouge. Afif donated approximately $50,000.00, plus a new roof and driveway for the [home]. …
>
> Ali denied that Afif helped him in any way in Ali's endeavor, The Grape Leaf Café:
>
> Q: Did Afif give you any money or property[?]

A: Never. On that Grape Leaf [C]afé, he didn't put anything, he didn't give me anything.

> In truth and in fact, Afif helped Ali with the Grape Leaf by having [the] air conditioner repaired and a cooler repaired, at a cost of approximately $17,000.

Afif further alleged that Ali "caused to have the AT&T phone service at [Afif's Subway store] disconnected." Afif contends that "Ali realized that [Afif's] service was vulnerable, and without warning cancelled said service, causing a business interruption and embarrassment to [Afif]."

In our *de novo* review of Ali's exception of no cause of action based on the "2022 Acts," we thoroughly considered all statements made by Ali during his deposition as well as Ali causing the phone service at Afif's restaurant to be disconnected with La. Civ. Code art. 1557 and the jurisprudence interpreting grievous injury and cruel treatment. Even giving every reasonable interpretation in favor of maintaining the sufficiency of Afif's petitions, we find he has not stated a cause of action for ingratitude based on the "2022 Acts." Afif's allegations, taken as true, do not rise to the level of "cruel treatment" or "grievous injury."

**The Goodwood Donation**

Notably absent from the judgment is a ruling addressing Afif's claim for revocation of the Goodwood donation, however, the judgment concludes with "this matter is dismissed with prejudice, in its entirety." For the following reasons, the dismissal of the matter in its entirety was in error.[3] Afif alleged in his petition, amended petition, and second amended petition that Ali wished him dead, spit on him, evicted their ill brother from the Goodwood home directly against their

---

[3] In his first assignment of error, Afif contends that a previous ruling of the trial court finding that Afif stated a cause of action was law of the case and the trial court erred in dismissing the entire case with prejudice. According to the minutes, the trial court denied a previous exception of no cause of action filed by Ali on August 21, 2020. The trial court's previous denial of Ali's exception of no cause of action is an interlocutory ruling. See **Bourg v. Safeway Insurance Company of Louisiana**, 2019-0270 (La. App. 1st Cir. 3/5/20), 300 So.3d 881, 887. The law of the case doctrine does not apply in the context of a *trial court* ruling on interlocutory issues. **Land v. Vidrine**, 2010-1342 (La. 3/15/11), 62 So. 3d 36, 42. However, for different reasons, we find the trial court erred in dismissing the entire case with prejudice.

agreement, called Afif names, called his brother, wife, and daughters names, and filed a restraining order against his wife.

Ali contends that the eviction of Mohammad and the actions towards Afif's wife do not constitute cruel treatment to the donor and, therefore, do not state a cause of action for revocation. In support of his position, Afif's cites **Didier v. Simmons**, 2019-1100 (La. App. 1st Cir. 5/11/20), 312 So. 3d 279, 282-83, writ denied, 2000-00700 (La. 9/29/20), 301 So. 3d 1162, where this court determined that allegations that former son-in-law committed adultery during his marriage to the donors' daughter were too general and vague to state a cause of action for cruel treatment towards the donors for purposes of revoking inter vivos gift given to son-in-law on the basis of ingratitude. However, this court gave the donors an opportunity to amend their petition to state a cause of action if possible. In **Melancon**, this court also addressed an act of ingratitude towards someone other than the donor in an action for revocation for ingratitude. This court found no error in the trial court's admission of evidence of the donee's actions toward the donor's elderly husband and son, who suffered various physical and mental impairments, rather than only to the donor. **Melancon**, 2015 WL 1882732, at *4.

Herein, Afif's petitions contend that Ali's eviction of Mohammad was in direct conflict with their agreement when he donated the Goodwood home, and was done while Mohammad was suffering with cancer. Furthermore, unlike in **Diddier**, Afif's allegations included acts of ingratitude that were directed toward him, including Ali wishing him dead to multiple people, calling him names, and spitting on him. See **Sanders v. Sanders**, 33,865 (La. App. 2d Cir. 9/27/00), 768 So.2d 739, 743 (where the appellate court found that the donee denying the donor was his father and telling third parties that he wished the donor would die were sufficient evidence of ingratitude.).

In an exception of no cause of action, we are required to give Afif's allegations every reasonable interpretation in favor of maintaining the sufficiency of his petition and affording him the opportunity to present evidence at trial. Given this standard, we find Afif's well-pled allegations taken as true are sufficient to state a cause of action for revocation of the Goodwood donation. In so ruling, we acknowledge that our holdings may appear inconsistent, but there is stark contrast between the "2019 Acts" of wishing the donor dead to multiple persons, evicting a donor's ill family member into the streets in direct contravention of the donee's agreement with the donor, and spitting on the donor and the "2022 Acts" of lying in a deposition about the donor's efforts to help him and causing to have the phone disconnected at the donor's business.

**Dismissal of Rola**

Afif contends that the trial court erred in dismissing the case against Rola where Afif alleged that the "sale" of the Subway restaurants to Rola was a disguised donation to Ali. Having determined that Afif's petitions to revoke the donations of the Subway restaurants have prescribed as to the 2019 Acts and did not state a cause of action for the 2022 Acts, Afif has no grounds in his petitions to revoke the Subway donations. Furthermore, in Afif's petitions, he makes no allegations of ingratitude on the part of Rola, and therefore, there are no grounds to revoke a donation for ingratitude against Rola. The trial court correctly granted the exception of no cause of action as to Rola.

## CONCLUSION

For the foregoing reasons, we reverse the portion of the judgment dismissing Afif's suit in its entirety finding that he timely stated a cause of action for revocation of the Goodwood home donation. In all other respects, the judgment of the trial court is affirmed. All costs of the appeal are divided equally between plaintiff-appellant, Afif A. Choumar and defendant-appellee, Ali E. Choumar.

**REVERSED IN PART; AFFIRMED IN PART.**